(No. 35464.—

LAWRENCE H. PETERS, Appellee, *vs.* JERRY BELLINGER *et al.*, Appellants.

*Opinion filed March 31, 1960.—Rehearing denied May 16, 1960.*

BRISTOW, J., dissenting.

ROBERT E. FITZPATRICK, of Lawrenceville, for appellants.

PHILIP C. ZIMMERLY, of Champaign, for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Plaintiff sued the defendants, city of Bridgeport, and Jerry Bellinger, one of its police officers. Count I claimed damages against the officer for injuries sustained in a beat-

ing by the officer, and count II charged the city with negligence in hiring the officer. The jury returned a verdict of $100 upon count I and $6,000 upon count II and judgment was entered on the verdicts. The city filed post trial motions, including a motion in arrest of judgment which was granted. The Appellate Court reversed (22 Ill. App. 2d 105) and we granted leave to appeal.

The defendant Bellinger was hired as a policeman on July 1, 1956, by the chief of police for a 30-day trial period. He was sworn in by the mayor and was given a gun, star and blackjack, but no uniform or car. He used his own car without markings except for a revolving red light. On July 20, 1956, he arrested plaintiff and took him to the station just prior to midnight. Plaintiff objected to being locked up and was severely beaten about the head with a blackjack, and kept in jail all night without medical attention. At 7:00 the next morning he was given a medical examination which disclosed marked swelling of the tissues and complete loss of sight in his left eye, the ball of which had ruptured.

The basic issue here is whether a cause of action exists against a city based on the negligence of its officials in the hiring of a policeman where that officer goes berserk and negligently injures another. There seems to be little question that negligence existed in the hiring. No investigation was made of the proposed officer, his past history or record. He had no prior police experience, nor was he given any training or instruction before entering upon his duties. The most casual inquiry would have shown that he had engaged in many street brawls, had been convicted of a felony, and, in fact, was on probation at the time of the incident.

The defense was the immunity with which the courts have clothed municipal and quasi-municipal corporations in the past. Typical of the cases involving the doctrine of governmental immunity of cities is *Craig v. City of Charleston,* 180 Ill. 154. Oddly enough, the facts of the *Craig*

*case* are practically identical with the case at bar, even to the loss of an eye by the plaintiff. The trial court ruled that the cause of action could not be maintained against the city. However, subsequent to the trial court's ruling and prior to the Appellate Court's opinion, an opinion of this court was released on May 22, 1959, in the case of *Molitor* v. *Kaneland Community Unit District* by which the doctrine of tort immunity, as applied to school districts, was completely abolished. The Appellate Court held that case to be decisive of the issue here, and reversed and remanded the case to the trial court to vacate its judgment and to enter judgment on the verdict.

Subsequently, we granted rehearing in *Molitor* and by a final opinion filed December 16, 1959, (18 Ill.2d 11,) reiterated our abolition of tort immunity, but applied the rule prospectively rather than retroactively as to school districts.

We do not reach the question of applicability of the *Molitor* holding to this case since the cause of action here arose on July 20, 1956, long before December 16, 1959, the effective date of the *Molitor* opinion, which struck down the doctrine of governmental immunity. Those municipal and quasi-municipal corporations which have enjoyed immunity in the past continue to enjoy it until December 16, 1959. Recovery may be made in causes of action arising thereafter where it is determined that the type of governmental unit involved is no longer entitled to immunity. It would be impractical to fix one effective date for abolition of governmental immunity for schools and different dates for other municipal or quasi-municipal corporations which may be found no longer entitled to defend on the ground of immunity.

For the reason assigned, the judgment of the Appellate Court, Fourth District, is reversed.

*Judgment reversed.*

Mr. JUSTICE BRISTOW, dissenting.