UNITED STATES of America ex rel.
Robert M. LEE, Jr., Plaintiff-
Appellant,

v.

PEOPLE OF the STATE OF ILLINOIS,
City of Chicago Police Department
et al., Defendants-Appellees.

No. 14822.

United States Court of Appeals
Seventh Circuit.

March 22, 1965.

Robert M. Lee, Jr., pro se.

William G. Clark, Atty. Gen., Chicago, Ill., Richard A. Michael, Edward A. Berman, Asst. Attys. Gen., of counsel, for defendants appellees.

Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Robert M. Lee, Jr., *pro se,* is appealing from an order of the district court dismissing his action brought under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1985 and 1986 against defendants, People of the State of Illinois, City of Chicago Police Department, unknown subjects and party (or parties), Warden Frank J. Pate and others. Plaintiff was granted leave to proceed *in forma pauperis* in the district court and before us. He appeared personally before us and orally argued his case.

Plaintiff's complaint does not state a cause of action under the Civil Rights Act against City of Chicago Police Department and People of the State of Illinois since these are not "persons" within the meaning of the Act. Monroe v. Pape, 365 U.S. 167, 191–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

The district court had no jurisdiction over defendants designated in the

complaint as "Unknown Subjects and Party(s)" since they were not named and served with summons and a copy of the complaint.

Pate is the only defendant named in the complaint over whom the district court had jurisdiction.

Plaintiff was incarcerated at the Illinois State Penitentiary, Joliet, Illinois, to serve a sentence of seven years for rape, pursuant to a final judgment of the state courts of Illinois. Penitentiary officials, pursuant to a penitentiary rule, took 360 letters written by plaintiff's wife, from plaintiff's possession. These letters were held at the prison for him until his release. Plaintiff's complaint alleges that enforcement of this rule, which prohibits prisoners from accumulating more than fifteen personal letters in their cells, violated his civil rights. This rule does not apply to letters pertaining to legal matters.

 "Except under exceptional circumstances, internal matters in state penitentiaries are the sole concern of the states and federal courts will not inquire concerning them." United States ex rel. Knight v. Ragen, 7 Cir., 337 F.2d 425, 426 (1964). The penitentiary rule limiting each inmate to possession of fifteen personal letters has the valid purpose of preventing fire hazards and is not an exceptional circumstance requiring federal intervention. The question of fact concerning whether the 360 letters in this case are personal or legal is likewise not one of concern to us in the disposition of this case.

 Alternatively, plaintiff seeks an order requiring prison officials to send the 360 letters to the district court for safekeeping. This question is moot since Pate, at plaintiff's request, mailed these letters to the district court on July 14, 1964.

Plaintiff stated in oral argument that he was discharged from prison on November 23, 1964.

Finding no error in the proceeding below, the order appealed from is affirmed.

Affirmed.