James VECHIOLA, Plaintiff,

v.

CITY OF CHICAGO et al., Defendant.

No. 64 C 2188.

United States District Court
N. D. Illinois, E. D.

July 27, 1965.

Robert A. Root, Chicago, Ill., for plaintiff.

Raymond F. Simon, Corp. Counsel, Benjamin E. Novoselsky, Asst. Corp. Counsel, Chicago, Ill., for defendants.

PARSONS, District Judge.

This is an action against the City of Chicago, a municipal corporation of the State of Illinois, and three police officers of the Chicago Police Department brought under the Federal Civil Rights Act, 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, 1985, 1986, to recover damages for the alleged violation of plaintiff's civil rights by defendant policemen. The City of Chicago has moved to dismiss the complaint as to it for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

■ It is well settled that a municipality is not subject to suits for damages under the Federal Civil Rights Act. In the landmark case of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court said:

"[W]e are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of § 1979 (42 U.S.C. § 1983)." 365 U.S. at 187, 81 S.Ct. at 484.

It is to be noted that although Monroe also invoked §§ 1985 and 1986 in his complaint, he argued only § 1983 before the Supreme Court. Accordingly, the opinion of the Court was limited only to that section. However, two weeks later, in Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961), the Court, in a Per Curiam opinion, held that a municipality could not be sued for damages under either § 1983 or § 1985. Accord, Scolnick v. Winston, 219 F.Supp. 836 (S.D.N.Y.1963); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y. 1964), aff'd., 342 F.2d 800 (2d Cir. 1965); Lee v. State of Illinois, 343 F.2d 120 (7th Cir. 1965). Thus, plaintiff's federally based claim against the City of Chicago is without merit.

■ Nor can plaintiff proceed against the City on the basis of state law. Diversity of citizenship does not exist. Assuming, *arguendo*, that plaintiff has a cause of action against the City under Illinois law, see, Molitor v. Kaneland Community Unit District No. 302, 18 Ill. 2d 11, 163 N.E.2d 89, 86 A.L.R.2d 469 (1959), cert. denied, 362 U.S. 968, 80 S. Ct. 955, 4 L.Ed.2d 900; Peters v. Bellinger, 19 Ill.2d 367, 166 N.E.2d 581 (1960), there appears to be no good reason why this Court should assume "pendent jurisdiction" to hear such a claim, see, Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), cert. denied, 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558, where, as here, the Court has determined, before defendant has filed an answer, that the federal claim against the City is totally without merit, and that it must be dismissed. Rogers v. Provident Hospital, 241 F.Supp. 633 (N.D.Ill.1965); Bell v. Hood, 71 F.Supp. 813 (S.D.Cal.1947); O'Neill v. Maytag, 339 F.2d 764, 766–767 (2d Cir. 1964). To hold otherwise, i. e., that plenary trial of an ancillary claim could be compelled by a primary claim which could be disposed of on the pleadings would, in effect, permit "the dog [to] be wagged by his tail". Hart & Wechsler, the Federal Courts and the Federal System 808 (1953).

■ A final question arises concerning the potential effect of Rule 18(b) F. R.C.P., which provides:

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a

single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. * * * "

Under Illinois statute, S.H.A. Ch. 24, § 1-4-5, a Chicago police officer is indemnified against any liability imposed upon him for having caused injuries to the person or property of another, provided that he was engaged in the performance of his duties as policeman, and that the injury did not result from his willful misconduct. In addition, the officer is defended in the Federal Court action by the Corporation Counsel of the City of Chicago and his able assistants. In the event that plaintiff obtains a judgment against police officers, he has a right, under the statute, to sue the City in a separate action in order to satisfy it. Karas v. Snell, 11 Ill.2d 233, 142 N.E.2d 46 (1957). It has been suggested that joinder of the City under Rule 18(b) as a party defendant for the sole purpose of collecting upon any such judgment furthers economy in judicial administration by avoiding the necessity of a subsequent lawsuit in the state courts.

Putting aside possible problems of prejudice to an indemnitor through this suggested joinder device, 2 Wigmore on Evidence § 282a; but cf., Rules 20(b) and 42(b) F.R.Civ.P., and without deciding whether the rule of Kavanaugh v. Parrett, 379 Ill. 273, 277-278, 40 N. E.2d 500 (1942) (that it is improper to inform the jury that defendant is insured) is a substantive rule of law binding upon this Court under Erie RR v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), it would seem that joinder is proper only where independent jurisdictional support exists for plaintiff's claim against the City under the indemnity statute.

Rule 18, like the other federal rules, is qualified by Rule 82 which provides: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein." Under the holding of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), complete diversity of citizenship between plaintiffs and defendants is required. None exists here. Nor does any other jurisdictional basis appear for plaintiff's claim against the City.

No great overriding convenience, which underlies the theory of "ancillary jurisdiction", and which occasionally relaxes the necessity of independent jurisdictional support for every claim, is present here. It is doubtful whether, in these cases, Rule 18(b) joinder would actually result in substantial saving of time. In defending against an action to collect on a judgment obtained against a police officer, the City may assert 1) that the officer was not engaged in the performance of his duties as a policeman, and 2) that the officer was guilty of willful misconduct. Ordinarily, the latter issue would not be raised in the action against the officer since willfulness need not be proven to establish civil, as opposed to criminal, liability. Monroe v. Pape, supra, at 187, 81 S.Ct. 473; Screws v. United States, 325 U.S. 91, 101-107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). Neither is the former issue relevant to the officer's liability since the crucial question is whether he acted "under color of law", not whether he was "engaged in the performance of his duties as a policeman." Thus, additional proof would have to be adduced on the claim for satisfaction of judgment.

Even the most liberal concept of ancillary jurisdiction would not sanction the type of joinder sought herein. Compare, Empire Lighting Fixture Co. v. Practical Lighting Fixture Co., 20 F.2d 295 (2d Cir. 1927) (joinder of claim against a debtor with claim against fraudulent transferee permitted); Huntress v. Huntress' Estate, 235 F.2d 205 (7th Cir. 1956) (suit in nature of a creditor's bill or action in equity to reach assets held by other persons). Economy in judicial administration and avoidance of multiplicity of suits are salutary goals for which United States District Courts should strive within the legitimate confines of their statutory jurisdiction. But the Federal Rules of Civil Procedure

merely broaden the content of an action; they do not, nor can they, extend the limits of federal judicial power. See, Lesnick v. Public Industrials Corp., 144 F.2d 968, 973 (2d Cir. 1944).

Under the circumstances, it appears that this Court is without jurisdiction to entertain plaintiff's claim against the City of Chicago. Accordingly, the motion of the City to dismiss the complaint as to it must be allowed.

And it is so ordered.