**UNITED STATES of America ex rel. Jack and Ethel GITTLEMACKER, et al., Appellants,**

v.

**COUNTY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA; Mr. J. McAllister, Attorney at Law; Philadelphia General Hospital et al.; Williamsport Hospital, Pennsylvania et al.; Joseph R. Brierley, Superintendent State Correctional Institution, Philadelphia, Pennsylvania.**

No. 17393.

United States Court of Appeals Third Circuit.

Argued June 10, 1969.

Decided July 10, 1969.

Thomas J. Tumola, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellants.

Matthew W. Bullock, Jr., Philadelphia, Pa. (Frank J. Pfizenmayer, Asst. City Sol.; Edward G. Bauer, Jr., City Sol., Philadelphia, Pa., on the brief), for City of Philadelphia, etc.

S. Asher Winikoff, Deputy Atty. Gen., Commonwealth of Penn., Harrisburg, Pa. (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief), for Commonwealth of Pennsylvania.

William J. O'Brien, Philadelphia, Pa. (Pepper, Hamilton & Scheetz, Philadelphia, Pa., on the brief), for Williamsport Hospital.

Before STALEY, FREEDMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This is an appeal from an order of the district court which dismissed appellants' complaint on the basis that it failed to state a claim upon which relief can be granted. It was a *pro se* complaint requesting damages for personal injuries sustained by the wife plaintiff, allegedly caused by the failure of the various named defendants to provide essential and required medical care to her while she was a state prisoner. The district court treated the action as one brought under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 and, upon consideration of motions made by certain of the defendants, entered an order of dismissal.

It becomes necessary, therefore, to examine the pleadings to determine whether, in the context of the Civil Rights Act, it was appropriate to dismiss

the complaint in favor of all the named defendants.

■■ Because the County of Philadelphia, by virtue of the City-County Consolidation Amendment to the Pennsylvania Constitution, is merged into the city, we have the threshold question to meet: is the city a "person" under the Civil Rights Act's provisions that "Every person who * * * subjects * * * any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable * *." This issue was directly answered by the Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), which held that a municipality was not such a "person" contemplated by the Civil Rights Act of 1871.[1] Accordingly, there can be no claim upon which relief can be granted under the Civil Rights Act of 1871 against a municipality. Similarly, because Philadelphia General Hospital is a city-owned institution which operates as part of city government (Philadelphia Home Rule Charter, § 3–100(f), § 3–903) it stands on the same footing as the municipal defendant. We conclude it was appropriate to dismiss the action against these two defendants.

■■ The same may also be said of the commonwealth of Pennsylvania. The doctrine of Monroe has been extended to the states in their capacities as parties defendant in such cases.[2] On this basis, the action was properly dismissed against the defendant Commonwealth of Pennsylvania. We hasten to add, however, that although we concur in the action of the court below in dismissing the complaint against this defendant, we do not condone the failure of this defendant to file appropriate pleadings. The trial court was careful to extend a broad overview to the subject matter of the plaintiffs' complaint because of its *pro se* format;[3] it

1. Appellants' reliance upon Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) is misplaced. *Griffin* did not interpret the Act of 1871, nor did it overrule *Monroe*. *Griffin* simply enforced the landmark case of Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) which involved not this Civil Rights Act but the equal protection clause of the constitution.

2. In view of the Supreme Court's holding in Monroe v. Pape, *supra*, that a municipal corporation is not a "person" subject to suit within the meaning of the Civil Rights Act, the conclusion that states are not persons within the meaning of the Act is inescapable. "A municipal corporation is but a political subdivision of a state, and if a state's political subdivisions are not 'persons' under the statute, then neither is the state." Williford v. People of California, 352 F.2d 474, 476 (9 Cir. 1965).

The following cases also held that the state is not subject to suit under the Civil Rights Act: Loux v. Rhay, 375 F.2d 55, 58 (9 Cir. 1967); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 324 (6 Cir. 1967); United States ex rel. Lee v. People of the State of Illinois, 343 F.2d 120 (7 Cir. 1965); Christman v. Commonwealth of Pennsylvania, 272 F.Supp. 805, 806 (W.D.Pa. 1967).

For cases supportive of the broader principle that bodies politic of any kind are not subject to suit under the Act, see Wallach v. City of Pagedale, 359 F.2d 57, 59 (8 Cir. 1966); Garrison v. County of Bernalillo, 338 F.2d 1002 (10 Cir. 1964); Spampinato v. City of New York, 311 F.2d 439 (2 Cir. 1962), cert. den. 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144; Taylor v. Pennsylvania Board of Parole, 263 F.Supp. 450 (M.D. Pa.1967); Harvey v. Sadler, 331 F.2d 387 (9 Cir. 1965) (school district); United States ex rel. Lee v. People of the State of Illinois, *supra*, (police department).

3. Where a plaintiff pleads *pro se* in a suit for the protection of civil rights, the court should endeavor to construe his pleadings without regard for technicalities. *See, e. g.*, Kelly v. Butler County Board of Com'rs., 399 F.2d 133, 134–135 (3 Cir. 1968); Lockhart v. Hoenstine, 411 F.2d 455 (3 Cir. 1969). " 'In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief.' " Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.

was equally generous to treat the Commonwealth of Pennsylvania as if it had filed a motion to dismiss as had the other defendants. That this failure to comply with basic and fundamental rules of procedure has not operated adversely to this defendant is no indication that such inexcusable dereliction will find acceptance in the future.[4]

■ Regarding the claim against the Williamsport Hospital, an examination of the specific averment against the hospital indicates that it sounds in negligence only;[5] it rises no higher than an averment of a tort alleging medical malpractice. In Kent v. Prasse, 385 F.2d 406 (3 Cir. 1967) we held that a tort committed by a state official acting under color of law is not, in and of itself, sufficient to show an invasion of a person's rights under the Act. In Com. of Pa. ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3 Cir. 1966), cert. den. Gatewood v. Hendrick, 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967), we ruled that alleged improper medical treatment by prison authorities is not a denial of rights secured by the federal Constitution Consequently, we conclude that Williamsport Hospital's motion to dismiss was properly granted.

The two remaining parties named as defendants in the proceeding below are individuals. At oral argument, however, we granted appellants' motion that they be removed as parties, and accordingly we have dismissed the appeal as to J. McAllister and Joseph R. Brierley, Superintendent State Correctional Institution, Philadelphia.

■ One last point remains. Assuming a new posture, the appellants urge that it was error for the lower court to view the action solely as a proceeding under the Civil Rights Act even though their complaint specifically and exclusively invoked federal jurisdiction on the basis of federal civil rights legislation.[6] Rather, the appellants suggest that it is reasonable to construe the complaint as a tort action sounding in negligence, qualified for our consideration under a theory of diversity of citizenship of the parties. Although this argument is now being advanced it appears that in both the original and supplemental complaints filed below, plaintiffs averred in three separate instances that they were citizens of the Commonwealth of Pennsylvania, as are the defendants.[7] We have concluded that the suit cannot be viewed as a diversity action.

Ed.2d 80 (1957); Hughes v. Noble, 295 F.2d 495 (5 Cir. 1961). In the case at bar the trial court permitted the action to be construed as one under the Civil Rights Act, although the caption suggested a petition for habeas corpus.

4. The failure to file an appropriate motion to dismiss did not operate as a waiver of the defense of failure to state a claim upon which relief can be granted, which defense is expressly excerpted from the waiver of defense rule. Fed.R.C.P. 12(h). We do not remand this case to the district court for further proceedings against this defendant only in the interest of judicial economy. The rules provide that that particular defense may be raised at trial. So raised at that time would produce the same result reached by the court below in treating the pleadings as if this defendant had in fact made the appropriate motion.

5. "Plaintiff's wife's cast was taken off at Williamsport Hospital and X-rayed without replacing another cast, soon after,

to find that her hip has not healed due to someone's negligence."

6. The complaint specifically averred that the jurisdiction of the court was based on 18 U.S.C.A. §§ 241, 242, 243 (penal statutes governing criminal prosecution for conspiracy against the rights of citizens); 28 U.S.C.A. § 1331 (general original civil jurisdiction statutes); and 42 U.S.C.A. § 1983 (Civil Rights Act of 1871).

7. Complaint filed at Civil Action No. 42911 on June 12, 1967: "Your petitioners herein after known as your plaintiffs who are citizens of the United States of America and Pennsylvania bring this law suit, petition and complaint." A similar averment was contained in the complaint filed June 30, 1967. In an affidavit to proceed in forma pauperis contained in the June 12 complaint it is averred: "Your plaintiffs whom are citizens of the United States of America and Pennsylvania are poor within the meaning of the law."

88

There is no presumption in favor of federal jurisdiction and the basis for such jurisdiction must be affirmatively demonstrated by the party invoking it. Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9 Cir. 1961); Patton v. Baltimore & Ohio R. Co., 197 F.2d 732, 743 (3 Cir. 1952). The obvious reason for such a rule is that the United States District Courts are courts of limited jurisdiction, "creatures of statute," possessing "only such jurisdiction as the statutes expressly confer, and this jurisdiction must always affirmatively appear." Le Mieux Bros. v. Tremont Lumber Co., 140 F.2d 387, 389 (5 Cir. 1944).

In Henig v. Odorioso, 385 F.2d 491, 494 (3 Cir. 1967), an action also brought under the Civil Rights Statutes, this Court specifically rejected the concept of assuming diversity as a means of salvaging an otherwise fatally-defective action. We reiterate what we said there: "if jurisdiction does not attach under the Civil Rights Statutes referred to, then it cannot be assumed under 28 U.S.C. § 1332 as the complaint does not allege diversity of citizenship between plaintiffs and any of the named defendants."

Not only was there no allegation of diversity in the complaints filed below, there was a specific affirmative averment that the plaintiff-appellants were citizens of the same state as the defendants.[8] Confronted with such a record, we reject the argument that the case should be remanded to the district court for further exploration into the possibility of entertaining this suit as a diversity action.

All other matters urged as the basis for this appeal have been given careful consideration and have been found to be without merit. We express our apprecia-tion for the excellent advocacy performed by Thomas J. Tumola, Esq., appointed by this Court to represent the appellants in this appeal.

The judgment of the district court will be affirmed.

---

8. The allegation of possible diversity is made only with regard to the wife-plaintiff. The appellants concede that the husband-plaintiff was and has remained a Pennsylvania citizen at all times since the complaint was filed. The only indications that Mrs. Gittlemacker may not have been a Pennsylvania citizen are references to an Atlantic City, New Jersey, address in the complaint, and the rec-ord of a subsequent divorce proceeding filed in New Jersey. In the disposition we make of this appeal, we express no opinion as to whether a husband-plaintiff's claim could be maintained pendent to a wife-plaintiff's action where only the wife could invoke diversity jurisdiction. Cf. Wilson v. American Chain & Cable Co., 364 F.2d 558 (3 Cir. 1966).