**Bill J. GAMBOCZ, Appellant,**

v.

**SUB–COMMITTEE ON CLAIMS OF the JOINT LEGISLATIVE APPROPRIATIONS COMMITTEE, NEW JERSEY LEGISLATURE and State of New Jersey.**

**No. 18315.**

United States Court of Appeals, Third Circuit.

Argued March 3, 1970.

Decided March 26, 1970.

Bill J. Gambocz, pro se.

Michael T. Henchy, Asst. Atty. Gen., Trenton, N. J. (Arthur J. Sills, Atty. Gen., of New Jersey, Trenton, N. J., Stephen Skillman, Asst. Atty. Gen., on the brief), for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiff Gambocz appeals a judgment of the district court dismissing his complaint seeking damages under both the Civil Rights Act, 42 U.S.C. §§ 1983–1986 and the federal question statute, 28 U.S.C. § 1331, for want of jurisdiction of the subject matter.

Plaintiff's complaint alleges that under color of law named public officials of the Township of Edison, New Jersey, unlawfully conspired to deprive him of his federal constitutional rights. Although his complaint sets forth facts with specificity, it may fairly be said that it charges that the named public officials illegally conspired to cause criminal proceedings to be instituted against him for the "mere owing of civil debts" so as to damage him in his campaign to be elected Mayor of the Township. The criminal charges were not tried and were dropped after the election. Had the complaint here named the co-conspirators, other than the judge, as parties defendant,[1] it seems clear that a classic case for the invocation of the Civil Rights Act would have been asserted.

But plaintiff only designated as defendants the "Sub-Committee on Claims of the Joint Legislative Appropriations Committee, New Jersey Legislature and State of New Jersey." The basis of his claim against defendants is that by their refusal to vote to award him damages for the actions of the alleged co-conspirators they became parties to the conspiracy which brought about the deprivation of plaintiff's constitutional rights.

It is established law that federal courts are without jurisdiction to entertain an action by a citizen against a state unless the state has consented. Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535 (1899); Truitt v. State of Illinois, 278 F.2d 819 (7th Cir.), cert. denied, 364 U.S. 866, 81 S.Ct. 109, 5 L.Ed.2d 88 (1960). New Jersey has not so consented. It follows that the district court correctly held that it was without jurisdiction to entertain this action against the State of New Jersey under either the Civil Rights Act or the federal question statute. Cf. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

It might well be that the action against the Subcommittee would be considered as an action against the State. But, in any event, the United States Supreme Court has held that members of a state legislative committee, acting in a field where legislators traditionally have power to act, are immune from civil liability under the Civil Rights Act. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); see Dombrowski v. Eastland, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967). We think the same rationale would be applied to such defendants in any possible implied cause of action for damages under the federal question statute.

It follows that we must affirm the judgment of the district court dismissing the complaint. We feel compelled to add that had the alleged co-conspirators

---

1. Plaintiff unsuccessfully sued the alleged conspirators in the New Jersey courts for malicious abuse of process. See Gambocz v. Apel, 102 N.J.Super. 123, 245 A.2d 507, certification denied, 52 N.J. 485, 246 A.2d 447 (1968).

who were not immune been timely sued under the Civil Rights Act we have no doubt that the allegations would have required a full development of a situation which, if true, constituted a shocking deprivation of constitutional rights.

The judgment of the district court will be affirmed.