James Thomas NUGENT

v.

Donald SHEPPARD, Town of Highland, Indiana, Highland Police Department, and others.

Civ. No. 70 H 65.

United States District Court, N. D. Indiana, Hammond Division.

Oct. 16, 1970.

Frank J. Pekofski, Gary, Ind., for plaintiff.

Kenneth D. Reed, Hammond, Ind., for defendants.

## MEMORANDUM

BEAMER, District Judge.

This is a civil rights action, brought under the provisions of 42 U.S.C. §§ 1983 and 1985. The complaint alleges that on or about November 14, 1969, plaintiff was "summoned" by defendant Sheppard and other police officers to appear at the offices of the Highland Police Department for questioning. Plaintiff claims that when he did, he was assaulted and beaten by defendant Sheppard, and then ordered to leave without being charged with any crime.

■■ The complaint obviously fails to state a cause of action against the Town of Highland and the Highland Police Department. The statutes relied on by the plaintiff apply only to "persons," and a town is not a "person" within the meaning of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 191–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Neither is a police department. United States ex rel. Lee v. People of State of Illinois, 343 F.2d 120.

■■ Plaintiff contends that entities not subject to direct liability under the Act can still be held liable vicariously, under the doctrine of *respondeat superior*. But that doctrine is a product of the common law, created by courts operating in a legislative vacuum. It has no application in a case like this, where the right of action was created by statute, and the legislature itself delimited the scope of liability. The complaint will therefore be dismissed as against the Town of Highland and the Highland Police Department.

■ However, the complaint does state a good cause of action against defendant Sheppard. A complaint under the Civil Rights Act is sufficient if the facts alleged show that the defendant (1) while acting under color of state or local authority (2) subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any rights, privileges or immunities secured to the plaintiff by the Constitution and laws of the United States. York v. Story, 324 F.2d 450 (9th Cir. 1963).

■ Here, the complaint alleges that plaintiff went to the police station in response to a summons by police officers, for the purpose of "questioning and investigation"—a normal police function. The beating is claimed to have taken place "during and as a part of said questioning." Those allegations are more than sufficient to satisfy the "color of law" requirement. As the Supreme Court stated in Monroe v. Pape, supra, 365 U.S. at 184, 81 S.Ct. at 482, "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."

■ As for the second requirement—deprivation of rights secured by the Constitution of the United States—the complaint alleges that plaintiff was beaten to the point where he suffered a broken nose, a chipped tooth, and permanent facial scarring. Defendant cites numerous cases for the proposition that a "mere" assault and battery by the police is no violation of constitutional rights, but those cases are either distinguishable or no longer good law.[1] The day is past when a lawyer could say with a straight face that the Constitution gives no defense against police brutality. *See* Cullom v. California Department of Corrections, 267 F.Supp. 524, 525 (N.D.Cal. 1967); Selico v. Jackson, 201 F.Supp. 475, 477–478 (S.D.Cal.1962). As the Supreme Court stated in Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1945), a citizen has "the right to be tried by a court rather than by ordeal." The Fifth Amendment provides that no citizen shall be deprived of life, liberty, or property without due process of law. To say that the Constitution protects a man's property but not his person—that the police can beat a man within an inch of his life but escape the Civil Rights Act so long as they leave him his wallet—is to treat the Constitution as little more than a bad joke.

Defendant lays heavy stress on the fact that plaintiff went "voluntarily" to the police station—that he was never arrested or otherwise placed in custody. The theory is that a citizen's right not to be assaulted by the police attains constitutional stature only when the citizen is under legal restraint. That theory was expressly rejected in York v. Story, supra, 324 F.2d at 456, where the court made the following comment:

All of the cases just cited involved persons who were in police custody at the time of the incident complained of. This circumstance, however, is indicative only of the infrequency of a case such as this, in which one not in custody is the alleged victim of arbitrary police action. No statute, decision or principle that we know of makes the Civil Rights Act available to those in the toils of the law, but closes the federal courthouse in law-abiding citizens who have suffered just as grievous a deprivation of constitutional rights.

In any event, this Court seriously doubts that plaintiff can be said as a matter of law to have gone to the police station "voluntarily." The complaint alleges that he went there in response to an official "summons" of some sort. In theory, plaintiff may have had the right to ignore that summons; but to the average citizen a request of that nature may well seem tantamount to a command, and to say that a person who obeys it goes to the station "voluntarily" is to stretch the concept of volition almost beyond recognition.

■ This is not to say that an assault is automatically transmuted into a violation of Constitutional rights simply because the guilty party is a policeman. Obviously a policeman can act in a private, as well as a professional capacity. But when the assault occurs "in the line of duty"—when the sole relationship between the person guilty of

---

1. United States ex rel. Atterbury v. Ragen, 237 F.2d 953 and Knight v. Bibb, 250 F.2d 283 were, in the opinion of this Court, overruled *sub silentio* by the subsequent opinion of the Seventh Circuit in Hardwick v. Hurley, 289 F.2d 529 (1961). Cullom v. California Department of Corrections, text, supra, held only that a prisoner does not have the same rights as a private citizen: "If plaintiff were a private citizen and had been assaulted by a police officer, it is well established that he could state a claim for relief under the Civil Rights Act." 267 F.Supp. at 525. Cole v. Smith, 344 F.2d 721 (8th Cir. 1965) was also a prisoner case. Rosemond v. Employers Mutual Casualty Co. of Des Moines, Iowa merely decided as a matter of fact, after a bench trial, that no unreasonable force had been used. Love v. Chandler, 124 F.2d 785 (8th Cir. 1942) did not even deal with 42 U.S.C. § 1983 (then 8 U.S.C. § 43), the statute primarily relied on by the plaintiff here.

the assault and his victim is the relationship between policeman and citizen—the act is something more than a "mere" assault. It can be presumed that the incident would never have occurred but for the fact that the policeman was clothed with the authority of the state. That authority carries with it a corresponding responsibility, and a person who abuses it is in no position to claim that he should be treated like any other erring citizen. As against defendant Sheppard, the motion to dismiss is denied.

Since the unnamed "others" were never served with process, and the complaint fails to allege facts indicating that anyone other than Sheppard participated in the claimed beating, the complaint is dismissed as to the "others" as well. See United States ex rel. Lee v. People, supra, 343 F.2d at 120–121.