The Rev. Clennon KING, Minister of the Vote For Jesus, Plaintiff,

v.

The Hon. Burton D. WILLIS, State Election Commissioner, et al., Defendants.

Civ. A. No. 4189.

United States District Court, D. Delaware.

Nov. 2, 1971.

---

E. N. Carpenter, II, of Richards, Layton & Finger, Wilmington, Del., court-appointed for plaintiff.

Jerome O. Herlihy, Chief Deputy Atty. Gen., and Kent Walker, Deputy Atty. Gen., for defendants.

Before BIGGS, Senior Circuit Judge, STEEL, Senior District Judge, and LATCHUM, District Judge.

## OPINION

LATCHUM, District Judge.

This civil rights action, brought by the plaintiff, the Rev. Clennon King ("King"), seeks declaratory and injunctive relief against the defendants,[1] the election officers of the State of Delaware ("election officers"), in vindication of King's right to have his name printed on the State's ballot for the 1972 General Election as a candidate for President of the United States of The Vote For Jesus Party. King claims that the election officers, under color of law and in violation of 42 U.S.C. § 1983, are depriving him of his right, secured by the First and Fourteenth Amendments of the Federal Constitution, to appear on the ballot as a presidential candidate.

Jurisdiction is conferred upon this Court[2] by 28 U.S.C. § 1343(3).

Specifically, King avers that he is a member of The Vote For Jesus Party, that he is eligible for election to the office of President of the United States and that he desires his name, as the candidate for The Vote For Jesus Party, to be printed on the ballot for the 1972 Presidential Election in all three counties of the State of Delaware.[3] King further alleges that, although The Vote For Jesus Party intends to hold a State Convention to nominate candidates and electors for President and Vice-President, the Party does not intend to hold a National Convention, to nominate candidates for any other office, or to elect a State Committee. The amended complaint further alleges that the Election Commissioner has informed King that The Vote For Jesus Party will not qualify as a political party under 15 Del.C. § 101 unless the Party (1) holds a National Convention, (2) nominates candidates for all the offices set forth in that section, and (3) elects a State Committee. Accordingly, the Commissioner allegedly stated that the Party will not be entitled to have its candidates for President and Vice-President printed on any ballot for the 1972 General Election in Delaware pursuant to 15 Del.C. § 4502 (a).

King also avers that write-in voting authorized by 15 Del.C. § 4502(a) is not an adequate substitute for a place on the ballot, that the State's requirements that The Vote For Jesus Party hold a National Convention, nominate candidates for offices other than President and Vice-President and form a State Committee constitute unreasonable burdens upon King's First and Fourteenth Amendment rights. Accordingly, King prays that 15 Del.C. §§ 101 and 4502(a) be declared invalid in so far

1. The defendants named in the amended complaint are: the State Election Commissioner, the State of Delaware and the Department of Elections for all three counties of the State and the members thereof.

2. Since the amended complaint alleged the unconstitutionality of certain Delaware election laws and requested declaratory and injunctive relief, this Three-Judge District Court was designated by Chief Judge Seitz, pursuant to 28 U.S.C. §§ 2281 and 2284. See Jenness v. Fortson, Secretary of State of Georgia, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971).

3. Pursuant to 15 Del.C. § 4502 when a President and Vice-President are to be elected, the names of the candidates for those offices are printed on the ballot rather than the names of the Presidential electors of the parties by whom they were nominated.

as they preclude King from being a Presidential Candidate of The Vote For Jesus Party and that the defendants be permanently enjoined from enforcing § 4502 (a) so as to exclude King's name from being printed as a Presidential Candidate on the 1972 election ballot.

The election officials have moved to dismiss the complaint for failure to state a claim upon which relief may be granted. The Court thereupon issued an order requiring King to show cause why the motion to dismiss should not be granted, why the Court should not abstain from judgment pending resolution of the controlling issues by a Delaware State Court and why the case should not be dismissed for want of necessary parties.[4]

■ Having considered the concessions of the election officials appearing in their brief and made by the Attorney General on their behalf at oral argument and having further considered the statutes involved, the Court concludes that since jurisdiction has been properly invoked in this case and the statutory provisions involved are plain, there is no necessity for this Court to abstain from deciding the election officials' motion pending a determination of state law questions by a State Court. Davis v. Mann, 377 U.S. 678, 690, 84 S.Ct. 1441, 12 L.Ed.2d 609 (1964); Harman v. Forssenius, 380 U.S. 528, 534–535, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

We turn then to the question whether the election officials have or will deprive King of the constitutional right which he asserts.

15 Del.C. § 4502(a) provides that only the names of candidates of a "qualified political party" will be printed on Delaware ballots. The term "political party" is defined in 15 Del.C. § 101, as

" * * * any organization * * * [1] which elects delegates to a National Convention, [2] nominates candidates for electors of President and Vice-President, United States Senator, Representative in Congress, Governor and other offices, and [3] elects a State Committee and officers of a State Committee by a State Convention composed of elected members from each Representative District, provided a registered party member is available in each Representative District." [Figures added].

As previously noted King states that The Vote For Jesus Party will hold a State Convention[5] as provided in 15 Del. C. § 101 and will nominate three electors pledged to vote for the Party's Presidential and Vice-Presidential Candidates named at the State Convention. King further alleges that his Party does not propose to hold a National Convention, nor elect a State Committee, nor nominate candidates for any office other than three Presidential electors.

The election officials now unequivocally take the position that § 101 simply requires the State Convention to *elect* delegates to a National Convention of some political organization and that the pro-

---

4. Following the issuance of the show cause order and before argument, King amended his complaint to join as defendants, in addition to the State Election Commissioner, the members of the Department of Election of all three counties as well as the State of Delaware. Despite the fact that the State of Delaware is not a "person" within the meaning of 42 U.S.C. § 1983 and is not subject to suit under the Civil Rights Act, Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (C.A.3, 1969), cert. den. 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (C.A.3, 1969), cert.

den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed. 2d 691 (1970), the Court is nevertheless satisfied that adequate parties are now before the Court to proceed with the determination of this case.

5. The State Conventions must be held by July 22, 1972 and the names of candidates be certified by the Convention Officials to the Delaware Secretary of State by September 1, 1972 in order for the nominees' names to appear on the 1972 election ballot. 15 Del.C. § 3301(c) (i), as amended by 58 Laws of Del., Chap. 258, approved July 10, 1971; 15 Del.C. § 3303.

vision contains no requirement that the elected delegates ever attend, be accepted or seated at such a convention. Hence, the election officials contend that if the State Convention of The Vote For Jesus Party elected one or more persons as a delegate or delegates to a National Convention of some party, the first requirement of § 101 would be met. The election officials argue that this requirement serves simply as an incentive for a State Party nominating a Presidential candidate to make a minimum effort to affiliate with some national political organization. This the election officials say represents a reasonable state interest since a candidate for President of the United States has no chance of being elected solely by Delaware's three presidential electoral votes.

At argument, King agreed with the election officials' position that the requirement of electing delegates to some national political organization, regardless of whether or not they ever act as such, is not so unreasonable and burdensome as to deny him any constitutional right. Accordingly, we find, based upon the agreement of the parties, that no actual controversy exists with respect to the validity of the first requirement of § 101 and consequently the Court need not pass upon that issue.

The second part of § 101 defines a political party as an organization which "nominates candidates for electors of President and Vice-President, United States Senator, Representative in Congress, Governor and other offices." The election officials contend that this language requires a political party to nominate candidates for all offices therein mentioned plus all other State-wide offices that may be voted upon at any particular election. Such "other offices" would include candidates for Lieutenant Governor, Auditor of Accounts, Insurance Commissioner and State Treasurer in the applicable years. King contends this places an unreasonable burden upon The Vote For Jesus Party since it does not desire or intend to nominate candidates for any of the offices

mentioned except for Presidential electors.

■ The Court, however, is unable to agree with the election officials' construction of the second requirement of § 101. We believe it was the legislative intent that the requirement that a party nominate candidates for the named offices and "other offices" is simply permissive rather than mandatory. In other words, in order to qualify as a political party, the State organization must nominate candidates for at least one of the named offices, but it does not require a party to nominate candidates for all State-wide offices. If this had been the legislative intent, the General Assembly would have stated the requirement in so many words. It did not.

Furthermore, no vital State interest appears to be served by requiring a State political party to nominate candidates for all State-wide offices rather than some lesser number. Moreover, if the language were to be construed literally, it would require a political party to nominate candidates for each of the named offices at each general election, held every two years, even though such offices were not to be filled at such elections. Such an absurd requirement will not be attributed to the Legislature. The more reasonable view is that a political party must nominate at its State Convention a candidate for one or more of the named offices only, and nothing contained in 15 Del.C. § 3301(c), relating to the vote required at such conventions for a candidate to be nominated, leads to a different conclusion.

We, therefore, hold that a political party that nominates a candidate for any one or more of the named offices will qualify as a political party under the second requirement of § 101.

■ Finally, § 101 requires an organization, in order to qualify as a political party, to elect a State Committee at its Convention. The size of the Committee is not fixed by statute. This presumably is left to the discretion of the Convention. This requirement, in our

view, is not unreasonable because there is a vital state interest to be served. The Delaware Legislature is entitled to require a candidate for President or other office to have a Committee, representative of his Party, resident in this State, that will be responsible for that candidacy and to whom the State election officials may look for the complete and fair administration of the Delaware election laws.[6] Secondly, the Delaware Legislature is entitled to insist that a candidate whose name appears on the Delaware ballot for President not be a mystery candidate, but rather that there be available to the voters of Delaware some reasonable opportunity to know the qualifications and policies of the permanent organization that supports his candidacy. It is to promote this crucial interest in making available to the electorate some source of information of the party organization supporting such candidates that Delaware insists that they be backed by some minimal and visible State Committee organization.

■ Unquestionably the State of Delaware has authority to provide by law the manner in which Delaware's three Presidential electors shall be selected. Article II, Section 1, Clause 2 of the Federal Constitution, in part, provides:

"Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress; * * *"

■ While the State has considerable freedom in enacting the procedure for selecting Presidential electors, it does not possess the power to impose burdens on the right to vote, when such burdens unreasonably impinge upon the First Amendment's right of freedom of association or the equal protection clause of the Fourteenth Amendment. Cf. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968). We do not find, however, on the basis of the concessions made by the election officials and the plain meaning of § 101 that the requirements of § 101 for qualifying The Vote For Jesus Party as a political party under 15 Del.C. § 4502(a) are so burdensome and unreasonable as to amount to an unconstitutional infringement of King's civil rights.

We, therefore, conclude that if The Vote For Jesus Party holds a State Convention within the time and manner prescribed by 15 Del.C. § 3301(c) (i), as King states that his Party intends to do, and at that State Convention (1) elects delegates to some National Convention, (2) nominates three Presidential electors, and (3) elects a State Committee and officers thereof, King's name, if he is the candidate supported by such electors, may, when certified to the Secretary of State by the Convention officials, as provided in 15 Del.C. § 3301 (a), be printed on the Delaware ballot as the Presidential candidate of The Vote For Jesus Party.

Finding that none of these requirements of Delaware law unreasonably impinge upon King's civil rights secured by the Constitution of the United States, the action will be dismissed.

We thank court-appointed counsel for King for the prosecution of his client's case.

Submit order.

---

6. For example, a State Convention may authorize its State Committee (the permanent party organization) to name substitute candidates between the date of the Convention and election in the event that a nominee dies or is otherwise incapacitated from running for office. Also State political organizations through their local committees may appoint party representatives to aid in the qualification of local election officers, 15 Del.C. § 4915, may appoint poll watchers, 15 Del.C. § 4934, and special officers at polling places, 15 Del.C. § 4935.