**Salvador JASO, Plaintiff,**

v.

**Roger TRACZYK et al., Defendants.**

**No. 73 H 69.**

United States District Court,
N. D. Indiana,
Hammond Division.

Nov. 19, 1973.

John S Diaz, Portage, Ind., for plaintiff.

David S. Stevens, East Chicago, Ind., John C. Ruckelshaus, Indianapolis, Ind., Jay Given and Richard Lesniak, East Chicago, Ind., for defendants.

### MEMORANDUM OPINION

SHARP, District Judge.

The Plaintiff in this case filed a complaint on March 14, 1973, designating Roger Traczyk, Larry Ignas, James Neary and John Byich, individually and as police officers of the Police Department of East Chicago, and the City of East Chicago, Indiana, a municipal corporation, as Defendants. The complaint asserted that this action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the Plaintiff by the Fourteenth Amendment of the Constitution of the United States, and Title 28, United States Code, Sections 1331 and 1343 and Title 42, United States Code, Section 1983, arising out of the laws and statutes of the State of Indiana. Specifically, the jurisdiction of this court was invoked under Title 28, United States Code, Section

1343(3). The complaint on its face alleged a controversy in excess of $10,000.00 and alleged that Plaintiff was a citizen and resident of the State of Indiana and further alleged that the City of East Chicago, Indiana, was a municipal corporation of the State of Indiana.

On April 10, 1973 the Defendant, City of East Chicago, Indiana, filed its Motion to Dismiss this case for want of jurisdiction.

There is an abundance of authority in this court and elsewhere to the effect that 28 U.S.C. 1343 and 42 U.S.C., Sections 1983, 1985, and 1986 do not confer jurisdiction over the City of East Chicago. In Vechiola v. City of Chicago, 244 F:Supp. 45, 46 (NE Ill.1965), Judge Parsons stated:

"It is well settled that a municipality is not subject to suits for damages under the Federal Civil Rights Act. In the landmark case of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961), the Supreme Court said:

'[W]e are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of § 1979 (42 U.S.C. § 1983).' 365 U.S. at 187, 81 S.Ct. at 484.

It is to be noted that although Monroe also invoked §§ 1985 and 1986 in his complaint, he argued only § 1983 before the Supreme Court. Accordingly, the opinion of the Court was limited only to that section. However, two weeks later, in Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961), the Court, in a Per Curiam opinion, held that a municipality could not be sued for damages under either § 1983 or § 1985. Accord, Scolnick v. Winston, 219 F. Supp. 836 (S.D.N.Y.1963); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964), aff'd, 342 F.2d 800 (2d Cir. 1965); Lee v. State of Illinois, 343 F.2d 120 (7th Cir. 1955). Thus, plaintiff's federally based claim against the City of Chicago is without merit."

Chief Judge Beamer reached the same conclusion in Nugent v. Sheppard, 318 F.Supp. 314 (ND Ind.1970). Both *Vechiola* and *Nugent* contain facts and allegations very close to those asserted in the Plaintiff's complaint here. It is correct that diversity of citizenship is not necessary in a case brought under the Civil Rights Act, Title 42, Section 1981 et seq. See Jackson v. Martin, 261 F.Supp. 902 (DC Miss.1966). See also, Whaley v. Cavanagh, 237 F.Supp. 900 (DC Cal.1963), affirmed 9 Cir., 341 F.2d 295, cert. den. 382 U.S. 872, 86 S.Ct. 102, 15 L.Ed.2d 110. The rationale of both *Vechiola* and *Nugent* is the now well established determination that a municipal corporation is not a "person" within the meaning of the Civil Rights Act. There is no attempted assertion by the Plaintiff whatsoever that this court has jurisdiction under 28 United States Code 1331 with reference to diversity of citizenship. The allegations of the Plaintiff's complaint on their face patently refute any such possible assertion.

In his complaint the Plaintiff also attempts to assert jurisdiction under Title 18 United States Code, Section 248. This court is unable to locate such a section. If the Plaintiff is referring to Title 18 United States Code, Section 245, as a possible basis for jurisdiction the beginning paragraph of that section is clearly negative to any such assertion. The beginning paragraph states:

"Nothing in this section shall be construed as indicating an intent on the part of Congress to prevent any State, any possession or Commonwealth of the United States, or the District of Columbia, from exercising jurisdiction over any offense over which it would have jurisdiction in the absence of this section, nor shall anything in this section be construed as depriving State and local law enforcement authorities of responsibility for prosecuting acts that may be violations of this section and that are violations of State and local law. No prosecution of any offense described in this section shall be un-

dertaken by the United States except upon the certification in writing of the Attorney General or the Deputy Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary; to secure substantial justice, which function of certification may not be delegated."

 Unlike statutes on public accommodations, voting rights and fair housing, Section 245 pertaining to federally protected activities does not in terms confer substantial rights but is solely a criminal statute permitting federal prosecution for interference with a long list of activities. See People of State of New York v. Horelick, 424 F.2d 697 (2d Cir. 1969), cert. den., 398 U.S. 939, 90 S.Ct. 1839, 26 L.Ed.2d 273. Section 245 is therefore not a legal basis for the Plaintiff's assertion for jurisdiction in this case against the City of East Chicago, Indiana.

It is also undisputed that a State of the Federal Union is not a "person" within the meaning of Title 42, Section 1981 et seq. and therefore federal jurisdiction is lacking. See Savage v. United States, 322 F.Supp. 33 (DC Minn.1971), affirmed 8 Cir., 450 F.2d 449, cert. den. 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. den. 406 U.S. 951, 92 S.Ct. 2048, 32 L.Ed.2d 339. Under Section 1981 et seq. a Federal District Court has been held without jurisdiction to entertain an action against the State of New Jersey based on alleged deprivation of federal constitutional rights. *See* Gambocz v. Sub-Committee on Claims of Joint Legislative Appropriations Committee, New Jersey Legislature, 423 F. 2d 674 (3rd Cir. 1970). Since under the law of Indiana a municipal corporation is a creature and creation of the State and has only those powers expressly or impliedly conferred on it by the State Legislature it is an integral part of the State and therefore under the State-local relationship existing with regard to municipal corporations in the State of Indiana a city would not be amenable to federal jurisdiction under Section 1981 et seq.

Therefore, the Plaintiff has asserted no basis for this court to exercise jurisdiction over the City of East Chicago, Indiana, in this case and its Motion to Dismiss is hereby granted.