William J. BRITTON

v.

The PHILADELPHIA POLICE DEPARTMENT.

Civ. A. No. 75–1956.

United States District Court, E. D. Pennsylvania.

Oct. 14, 1975.

**450**

William J. Britton, pro se.

Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff filed a *pro se* complaint alleging unlawful arrest and detention and the use of unreasonable force by law enforcement officers.[1] Since this is a *pro se* complaint, we construe plaintiff's pleading without regard for technicalities. *United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84, 86 n.3 (3d Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970). However, due to a fundamental flaw in its contents, we will grant defendant's motion to dismiss the complaint. The dismissal will be without prejudice to the right of plaintiff to refile an amended complaint, preferably with the assistance of counsel, which corrects the deficiencies of the original pleading.

Rule 8(a) of the Federal Rules of Civil Procedure provides that one of the items contained in a complaint must be "a short and plain statement of the grounds upon which the court's jurisdiction depends · . . . ." Plaintiff has failed to allege any jurisdictional basis for this action. Moreover, while this Court has previously entertained the types of claims made here under 42 U.S. C. § 1983, and that statute's jurisdictional counterpart 28 U.S.C. § 1343(3), *see Everett v. City of Chester,* 391 F. Supp. 26 (E.D.Pa.1975), the present complaint fails to state a cause of action under § 1983. A police department is not a "person" within the meaning of 42 U.S.C. § 1983 and, thus, is not a suable entity under that statute. *Henschel v. Worcester Police Department,* 445 F.2d 624 (1st Cir. 1971); *United States ex rel. Lee v. Illinois,* 343 F.2d 120 (7th Cir. 1965); *Green v. Cauthen,* 379 F. Supp. 361, 371 (D.S.C. 1974); *Sams v. New York State Board of Parole,* 352 F.Supp. 296, 298–299 (S.D.N.Y. 1972); *Nugent v. Sheppard,* 318 F.Supp. 314, 315 (N.D.Ind. 1970).

Due to the *pro se* form of the complaint, we will grant plaintiff leave to file an amended complaint because it appears that his claims against the Police Department[2] may be cognizable under

---

[1]. According to the complaint, on January 3, 1975, plaintiff was stopped on the street without probable cause by two unnamed detectives employed by the Philadelphia Police Department and arrested on charges of "illegal lottery," based on evidence planted by the detectives. Plaintiff was detained at Police Headquarters for several hours and then released. The charges were subsequently dropped.

The complaint specifically enumerates the following charges:

"1. 4th Amendment and 14th Amendment have been violated (Searches, Seizures and Civil rights respectively).

"2. False arrest.

"3. Damages to my right wrist by handcuffs that forced me to discontinue my rehabilitation program.

"4. Ineffective treatment I received as a legal blind person, whereas releasing me in

an unfamiliar area without a lead dog or cane."

[2]. Although the Police Department is named as the sole defendant here, the City of Philadelphia must realistically be viewed as a defendant and would be properly joined as such. If the Police Department is successfully sued, it is the City which will bear the financial burden of payment. The result is the same as if the City were a named defendant, and the Court sees no reason for it not to be. *Henschel v. Worcester Police Department, supra* at 624. Apparently recognizing this reality, the Philadelphia City Solicitor, who represents defendant, referred to defendant throughout his motion to dismiss the complaint as the "City of Philadelphia." The assistance of counsel in the drafting of any new complaint, if plaintiff chooses to pursue the case, should insure the joinder of all proper defendants.

the general federal question statute, 28 U.S.C. § 1331. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Everett v. City of Chester, supra* at 29. The requisite jurisdictional amount has been alleged and it does not appear to a legal certainty that plaintiff will be unable to recover a sum in excess of $10,000. *Zimmermann v. Zimmermann,* 395 F.Supp. 719, 724 (E.D.Pa. 1975).

An appropriate Order will be entered.