Felix DELGADO, Plaintiff,

v.

SHERIFF OF MILWAUKEE COUNTY JAIL et al., Defendants.

Civ. A. No. 78–C–810.

United States District Court,
E. D. Wisconsin.

April 24, 1980.

Felix Delgado, pro se.

Robert P. Russell, Corp. Counsel by Robert G. Ott, Principal Asst. Corp. Counsel, Milwaukee, Wis., for defendants, Sheriff of Milwaukee County, Kujawa, Blakney, and Smays.

James B. Brennan, City Atty. by Rudolph M. Konrad, Asst. City Atty., Milwaukee, Wis., for defendant, City of Milwaukee.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a pro se action brought pursuant to 42 U.S.C. § 1983. Plaintiff Felix Delga-

do was at all times relevant to this action a pretrial detainee incarcerated in the Milwaukee County Jail. Named as defendants are the Sheriff of the Milwaukee County Jail, Deputy Sheriffs Kenneth Kujawa and Richard Blakney, Sergeant Thomas Smays, three unknown deputies serving at the Milwaukee County Jail, and the City of Milwaukee.

In his complaint and amended complaint, plaintiff has alleged essentially two separate causes of action. First, plaintiff alleges that he was beaten without provocation by defendants Kujawa, Blakney, and Smays and the three unknown deputies. Second, plaintiff alleges that he was denied access to legal materials while he was awaiting trial. Currently before the court are motions seeking dismissal of the actions against the City of Milwaukee, the Sheriff of the Milwaukee County Jail, and the three unknown deputies.

## I. City of Milwaukee

The City of Milwaukee ("City") seeks to dismiss the complaint for failure to state a claim upon which relief can be granted. The City argues that the complaint is "ambiguous," that it fails to allege that the City acted pursuant to an official "rule, policy, or custom" as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), and, further, that "depriving a pretrial detainee of up-to-date law books, does not constitute a violation of any civil rights." (City of Milwaukee's brief, filed October 3, 1979, at page 4.) I find merit to none of these contentions.

█ Pro se complaints are not held to the same stringent standards as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As a general rule, moreover, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Accordingly, in passing on a motion to dismiss for failure to state a claim, the allegations contained in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

█ Plaintiff has alleged that while he was imprisoned awaiting trial, he requested legal materials to be used in preparing his defense. He was provided only with a copy of the 1970 Wisconsin Statutes from which pertinent provisions of the criminal code were missing. Petitioner alleges that he was denied access to all other materials. These allegations, if true, clearly state a constitutional claim. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). " * * * [T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.*, at 828, 97 S.Ct. at 1498.

█ Plaintiff's complaint should also be construed as alleging that the City has the responsibility for providing pretrial detainees at the Milwaukee County Jail with these materials, and that its failure to provide such materials is the result of an official City policy. While it may well be that the City has no responsibility for conditions in a county institution, the burden is on the City to demonstrate that this is so. Accordingly, the motion of the City of Milwaukee to dismiss the complaint will be denied.

## II. Sheriff of the Milwaukee County Jail

█ Counsel for Milwaukee County argues that the action should be dismissed as to the sheriff on the ground that nowhere in the complaint does plaintiff allege that the sheriff took part or had knowledge of the alleged beatings. It is true that supervisory officials may not be held liable in § 1983 actions on a theory of respondeat superior. *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977). To survive a motion to dismiss, a complaint must allege that the constitutional deprivation took place at the

direction of the supervisor or with his knowledge and consent. *Perry v. Elrod*, 436 F.Supp. 299 (N.D.Ill.1977). No such allegation was made in the instant complaint, nor can it be inferred.

The motion to dismiss will be denied, however, on the ground that the sheriff may be a proper party to plaintiff's attempt to compel the jail authorities to provide pretrial detainees access to legal materials. It should be noted that plaintiff has only sought injunctive relief as to this claim and does not seek an award of money damages.

III. *Three Unknown Deputies*

The motion of the Sheriff of Milwaukee County to dismiss the complaint as to the three unknown deputies will be granted. The court has no jurisdiction over parties who have not been named or served with a summons and complaint. *United States ex rel. Lee v. Illinois*, 343 F.2d 120 (7th Cir. 1965).

### ORDER

IT IS THEREFORE ORDERED that the defendants' motions to dismiss defendants City of Milwaukee and the Sheriff of the Milwaukee County Jail are hereby denied.

IT IS FURTHER ORDERED that the motion of the defendant Sheriff of Milwaukee County to dismiss the defendants denominated as "Three Unknown Deputies" is hereby granted.