Lessie **RANDELL**, Juanita Avent, Henry Avent, individually, on behalf of their children, and of tenants in the low income housing projects owned and operated by the Newark Housing Authority et al., Plaintiffs,

v.

**NEWARK HOUSING AUTHORITY**, Louis Danzig, individually and as Director of the Newark Housing Authority, Defendants.

**Civ. A. No. 65–67.**

United States District Court
D. New Jersey.
March 21, 1967.

**172**

---

Joseph Barry, Newark, N. J., for plaintiffs.

Augustine J. Kelly, Newark, N. J., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WORTENDYKE, District Judge:

Upon the filing of a Verified Complaint on January 18, 1967 in this Court (amended on March 10, 1967), I issued an Order To Show Cause on the same original date upon plaintiffs' *ex parte* application. The Order To Show Cause, returnable on March 13, 1967 after two adjournments, directed the defendants to state why they should not be enjoined from proceeding pursuant to N.J.S.A. 2A:18–53 for the summary evictions of the plaintiffs from their tenancies in a low-income housing project owned and operated by defendant Newark Housing Authority.

The jurisdiction of this Court is sought to be invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2202, and 42 U.S.C. § 1983.

The thrust of the plaintiffs' contentions is that defendant Newark Housing Authority, as a State and municipal agency, has denied the plaintiffs due process of law in violation of the Fourteenth Amendment to the United States Constitution by evicting the plaintiffs while giving them neither notice of the reasons for their eviction nor a hearing in which the plaintiffs could defend themselves and contest the basis for such action. The plaintiffs further contend that defendant Newark Housing Author-

ity has violated their due process rights under color of State law in violation of 42 U.S.C. § 1983.

Pursuant to Rule 52(a), F.R.Civ.P., this Court is required to set forth the findings of fact and conclusions of law which constitute the grounds of its action.

## FINDINGS OF FACT

1. The plaintiffs were, at the time of the institution of this litigation, tenants in a low-income housing project owned and operated by defendant Newark Housing Authority.

2. The eviction procedure was fair and regular upon its face, and in accordance with N.J.S.A. 2A:18–53, Summary Actions For Recovery Of Premises.

3. Defendant Louis Danzig was, at all times herein pertinent, the Director of the Newark Housing Authority.

## CONCLUSIONS OF LAW

1. This Court does not have jurisdiction over the subject matter of this action * * * neither under 28 U.S.C. § 1331, 28 U.S.C. § 1343 nor 28 U.S.C. § 2202.

2. This Court does not have jurisdiction over the subject matter of this action under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

3. Defendant Newark Housing Authority is a body corporate and politic, and an agency of the City of Newark, New Jersey. It is created by the municipality pursuant to the New Jersey Local Housing Authorities Law, N.J.S.A. 55:14A–4. It is an independent public corporation, unique in character because it is, simultaneously, an agency of municipal, State, and Federal government. O'Keefe v. Dunn, 89 N.J.Super. 383, 395, 215 A.2d 66, 73 (Law Div.1965) aff'd 47 N.J. 210, 219 A.2d 872 (1966).

4. Defendant Newark Housing Authority was acting in its sovereign, as distinguished from its proprietary, capacity in regard to the eviction here of plaintiffs; and hence does not come within the ambit of 42 U.S.C. § 1983.

Fowler v. United States, 258 F.Supp.
638, 646–647 (C.D.Calif.1966); see also
Sires v. Cole, 320 F.2d 877, 879 (9th
Cir. 1963).

[2] 5. Defendant Louis Danzig,
sued individually and as Director of defendant Newark Housing Authority, is a
"public official" performing a necessary
public function for a "municipal agency"
under the Local Housing Authorities
Law, N.J.S.A. 55:14A et seq., Taylor v.
Leonard, 30 N.J.Super. 116, 119, 103
A.2d 632, 633 (Chan.Div.1954); and, as
such, his liability here rises no higher
than the liability of defendant Newark
Housing Authority.

6. For the foregoing reasons, the defendants are entitled to judgment denying injunctive relief and dismissing the
Order To Show Cause and the action.[1]

1. Plaintiff Randell was evicted on January 17, 1967; this in no way affects the determination here.