Melvin **BROWN**

v.

**FARVIEW STATE HOSPITAL** et al.

Civ. A. No. 74-1478.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1974.

Raymond J. Takiff, Philadelphia, Pa., for plaintiff.

Glenn Gilman, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

DITTER, District Judge.

In this civil rights action, plaintiff seeks to recover damages for alleged

mistreatment while he was confined in a state hospital. Presently before the court is defendants' motion to dismiss.

On or about November 10, 1966, plaintiff, Melvin R. Brown, was arrested by Philadelphia police officers and subsequently was indicted for rape and murder. On the recommendation of a lunacy commission, he was committed to the Farview State Hospital in Waymart, Pennsylvania, and placed under the care, custody, and control of defendants, Doctors Willis and McQuine, then assistant superintendent and acting superintendent, respectively, of the hospital. On November 14, 1973, plaintiff was certified competent to stand trial. Later he was acquitted of the charges against him and thereafter instituted the instant action.

Defendants move to dismiss, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure on grounds of (1) lack of jurisdiction over Farview State Hospital; (2) lack of jurisdiction over the individual defendants; and (3) failure to state a claim upon which relief can be granted. For the reasons expressed herein, I conclude that this court lacks jurisdiction over the defendant hospital and that the complaint as presently drawn is insufficient to state a claim. Nevertheless, if plaintiff adequately can amend his complaint, this court may proceed to exercise jurisdiction over the individual defendants.

In Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 484–486, 5 L.Ed. 2d 492 (1961), the Supreme Court held that municipal corporations were not "persons" within the purview of the Civil Rights Act, 42 U.S.C. § 1983. Other federal courts have held that *Pape* doctrine applicable to a variety of political subdivisions of the state, including counties, e.g., United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); United States ex rel. Armstead v. Pennsylvania, 303 F.Supp. 278, 279 (E.D.Pa.1969); towns, Brown v. Caliente, 392 F.2d 546, 547 (9th Cir.

1968); boards of education, Patton v. Bennett, 304 F.Supp. 297, 299 (E.D. Tenn.1969); housing authorities, Randell v. Newark Housing Authority, 266 F.Supp. 171, 172–173 (D.N.J.1967), vacated in part on other grounds, 384 F.2d 151 (3d Cir. 1967), cert. denied sub nom., Avent v. Newark Housing Authority, 393 U.S. 870, 89 S.Ct. 158, 21 L.Ed.2d 139 (1968); police departments, e.g., Shackman v. Arnebergh, 258 F. Supp. 983, 993 (C.D.Cal.1966), appeal dismissed, 387 U.S. 427, 87 S.Ct. 1622, 18 L.Ed.2d 865 (1967), reh. denied, 389 U.S. 893, 88 S.Ct. 16, 19 L.Ed.2d 204; United States ex rel. Lee v. Illinois, 343 F.2d 120 (7th Cir. 1965), and state colleges, Whitner v. Davis, 410 F.2d 24, 29 (9th Cir. 1969); Anthony v. Cleveland, 355 F.Supp. 789 (D.Hawaii, 1973).

■ In United States ex rel. Gittlemacker v. County of Philadelphia, supra, 413 F.2d at 86, the Court of Appeals for this Circuit held that Philadelphia General Hospital, a municipally owned institution, stood on the same footing as the city, and therefore could not be subject to a Section 1983 claim. Although the question of whether a state hospital is a "person" within the meaning of the Civil Rights Act of 1871 apparently is one of first impression in this jurisdiction at least one district court which has considered the issue has responded in the negative. See Duisen v. Administrator and Staff, Fulton State Hospital No. 1, Fulton, Missouri, 332 F.Supp. 125, 127 (W.D.Mo.1971). I fully agree, and accordingly hold that Farview State Hospital is not a "person" within the comprehension of Section 983 and therefore is not subject to liability under that Act.

■ Defendants further contend that plaintiff has failed to set out specific deprivations rising to the level of a Constitutional violation and that his complaint must therefore be dismissed for failure to state a claim upon which relief can be granted. I agree.

In paragraphs VII and VIII of his complaint, plaintiff alleges that his repeated attempts to obtain a speedy trial

were frustrated by the "obstreperous efforts" of Dr. Willis and Dr. McQuine. In paragraph IX, plaintiff alleges that during his stay at Farview State Hospital "he was improperly treated, improperly housed, improperly denied his rights under the Constitution of the United States and of the Commonwealth of Pennsylvania, to a speedy trial and to access to the courts." And in paragraph X plaintiff states that his allegations "include but are not limited to" violations of his rights under the Fourth Amendment and the Sixth Amendment as incorporated and made applicable to the Commonwealth of Pennsylvania.

■ This Circuit has adopted the rule that a civil rights complaint must be specifically pleaded in order to avoid a motion to dismiss. See Esser v. Weller, 467 F.2d 949, 950 (3d Cir. 1972); Kauffman v. Moss, 420 F.2d 1270, 1275 (3d Cir. 1970); Negrich v. Hohn, 379 F. 2d 213, 215 (3d Cir. 1967). The allegations recited above fail even to approximate the requisite degree of specificity. Accordingly, in order to afford plaintiff maximum leeway in exercising his right to access in this court, he shall be given twenty days from the filing of this memorandum and accompanying order to amend his complaint to state specifically his claims against the individual defendants. Should he fail to do so, the complaint will be dismissed.

■■ The individual defendants are mistaken in their contention that as medical officials they are shielded from Section 1983 liability by virtue of some variety of official or quasi-official immunity. Although medical personnel have been held immune for examinations or institutionalization of individuals pursuant to court order, see Byrne v. Kysar, 347 F.2d 734 (7th Cir. 1965), cert. denied, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668 reh. denied, 384 U.S. 914, 994, 86 S.Ct. 1348, 1391, 16 L.Ed.2d 367 (1966); Bartlett v. Duty, 174 F. Supp. 94 (N.D.Ohio 1959); Campbell v. Glenwood Hills Hospital, Inc., 224 F. Supp. 27 (D.Minn.1963), such immunity plainly does not exist for wrongful acts

committed upon an individual, as here, entrusted to physicians for their treatment and care, see, e.g., Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966); Delatte v. Genovese, 273 F.Supp. 654 (E.D.La.1967).

ORDER

And now, this 11th day of December, 1974, it is hereby ordered that:

1. defendants' motion to dismiss for lack of jurisdiction is granted with respect to Farview State Hospital but is denied as to the defendants, Dr. Bernard Willis and Dr. Michael McQuine; and

2. unless plaintiff amends his complaint within twenty (20) days from the date of this Order to state his claim with specificity the complaint will be Dismissed.