Phyllis **HENRY** et al., Plaintiffs,

v.

Arthur A. **LINK**, Governor of the State of North Dakota, et al., Defendants.

Civ. No. A2–75–54.

United States District Court,
D. North Dakota,
Northeastern Division.

March 16, 1976.

Craig M. Richie, Fargo, N. D., for plaintiffs.

Irvin B. Nodland, Lundberg, Nodland & Schulz, Bismarck, N. D., for defendants.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

### STATEMENT OF THE CASE

The Plaintiff, an American Indian and former employee of the San Haven State Hospital, San Haven, North Dakota, commenced this civil rights action against the above named defendants, alleging she had been discriminated against on the basis of race in employment opportunities. Plaintiff brought the action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. §§ 1981, 1983, 1985 and 1988. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343.

Plaintiff seeks a declaratory judgment, injunctive relief and damages for loss of back pay, punitive damages, and attorney's fees. Defendants have denied the allegations and have moved to dismiss.

### SECTION 1983 ACTION

Defendants Arthur A. Link, Edward J. Klecker, Ronald E. Archer, and Richard Charrier, base their motions to dismiss on the ground, *inter alia*, that the complaint "fails to state any act or conduct on the part of these moving defendants for which remedy is provided by the Civil Rights Statute . . . ." The Court considers this a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Federal Rules of Civil Procedure. *See, Lansden v. Hart*, 180 F.2d 679, 683 (7th Cir. 1950). Matters outside of the pleading are not considered by the Court. Thus the motion is not treated as a Rule 56 motion for summary judgment.

For the purposes of the motion, the well pleaded allegations of the complaint are taken as admitted. *See, Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–175, 86 S.Ct. 347, 348–349, 15 L.Ed.2d 247, 249–250 (1965). Plaintiff's statement of claim is as follows:

"At all times material to this action, Defendant, San Haven State Hospital, a division of the Grafton State School, San Haven, North Dakota, either intentionally or unintentionally has engaged and continued to intentionally or unintentionally engage in unlawful employment practices and policies at the San Haven State Hospital, a division of the Grafton State School, San Haven, North Dakota, in violation of Section 703 of Title VII, 42 U.S.C. section 2000e 2, and Section 704(a); 42 U.S.C. § 2000 e–3a. Discriminatory practices include but are not limited to the following: failure to hire, failure to promote, denial of sick leave, and leave of absence, denial of training, and retaliation. The plaintiffs allege the Defendant did fail and has presently failed to hire American Indians in the same manner in which it employs Anglos."

"The two prerequisites for a § 1983 cause of action are: (1) an allegation that the conduct complained of subjected the complainant to a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States, and (2) an allegation that the conduct complained of was done or caused to have been done by a person acting under the color of law." *Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir. 1973).

A fair reading of the complaint discloses the Plaintiff has failed to state a § 1983 claim against any of the defendants. Additionally, it is well established that Defendant San Haven State Hospital cannot be held to be a "person" under § 1983 on a claim for either legal or equitable relief. *See, Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Brown v. Farview State Hospital*, 386 F.Supp. 607 (E.D.Pa.1974); *Duisen v. Administrator and Staff, Fulton State*

*Hospital No. 1, Fulton, Mo.*, 332 F.Supp. 125 (W.D.Mo.1971).

## TITLE VII CLAIM

### A. Individual Defendants.

The named individual defendants moved to dismiss the Title VII action against them on the ground that no complaint was ever filed with the Office of Equal Employment Opportunity. It is settled that a complainant must comply with certain jurisdictional prerequisites before commencing a suit in federal court under Title VII. The two requirements are that a charge must be filed with the Equal Employment Opportunity Commission and a "Notice of Right to Sue" must be received. *Local 179, United Textile Workers v. Federal Paper Stock Company*, 461 F.2d 849 (8th Cir. 1972); *Beverly v. Lone Star Lead Construction Corp.*, 437 F.2d 1136 (5th Cir. 1971). Once these two jurisdictional prerequisites have been complied with, the complainant may file an action in federal court. There is no allegation that the Title VII charges against the individual defendants were filed with the office of Equal Employment Opportunity. The complaint therefore fails to state Title VII cause of action against the individual defendants.

### B. San Haven State Hospital.

Under Title VII, the term "person" is defined to include governmental agencies and political subdivisions. 42 U.S.C. § 2000e(a). Consequently a state hospital is a "person" under Title VII even though it is an agency of the state. Under 42 U.S.C. § 2000e-5(g), the hospital is not immune from the equitable powers of this Court.

The pleadings sufficiently allege that San Haven State Hospital was charged before the Equal Employment Opportunity Commission and Plaintiff has received a "Notice of Right to Sue". For purposes of the motion to dismiss, the Court assumes the hospital is an "employer" under Title VII and is amenable to suit if the complaint states a claim upon which relief can be granted.

Defendant San Haven State Hospital is under the full management of the Director of Institutions. NDCC § 54–23–01 (1974). The Director of Institutions is appointed by the Governor of the State of North Dakota, subject to confirmation by the senate. NDCC § 54–21–06 (Supp.1975). All of the operational and administrative expense of San Haven State Hospital is appropriated from the state treasury. NDCC § 25–09–01 (Supp.1975). Based on these statutes, the Court holds that the San Haven State Hospital is an agency of the state.

In 1972, Congress amended Title VII of the Civil Rights Act of 1964 to extend coverage to include a right of action by employees working for state and local government units. 42 U.S.C. § 2000e(a). The United States Supreme Court, in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) ruled that in suits against state officials "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury . . . ." *Id.* at 677, 94 S.Ct. at 1362, 39 L.Ed.2d at 680. The holding of *Edelman* is obviously equally applicable where an agency of the state is a defendant and the claim is for funds which would have to be paid from the state treasury.

The landmark decision in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), established that federal courts do have jurisdiction for purposes of injunctive relief to enforce compliance with the law. Plaintiff's remedy against Defendant San Haven State Hospital is therefore limited to prospective injunctive relief.

Plaintiff does not seek reinstatement, and her only alleged claims in the nature of prospective injunctive relief are for a declaratory judgment of the hospital's acts, policies, practices, and procedures, and for an injunction against the hospital from engaging in future dis-

criminatory conduct. Consequently, the action will be permitted to be maintained against the hospital under Title VII only for the determination of the limited issue of whether plaintiff is entitled to declaratory or injunctive relief.[1]

## ORDER

IT IS ORDERED that Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted is GRANTED, except that Plaintiff may pursue her Title VII action for prospective equitable relief against Defendant San Haven State Hospital.

---

**1.** Plaintiff also cites the Fourteenth Amendment as a basis for relief, but the Fourteenth Amendment applies only to actions of the "States" and not to actions that are private. *Shirley v. State National Bank of Connecticut,* 493 F.2d 739, 741 (2d Cir. 1974). Section 1983 was enacted for the "express purpose of 'enforc[ing] the Provisions of the Fourteenth Amendment.'" *Mitchum v. Foster,* 407 U.S. 225, 238, 92 S.Ct. 2151, 2160, 32 L.Ed.2d 705, 715 (1972). The Fourteenth Amendment does not provide a basis for relief in addition to § 1983 under these circumstances. Therefore, if a claim of deprivation of one's constitutional rights under color of state law under § 1983 fails, the further allegation of the Fourteenth Amendment as a jurisdictional ground will not sustain an independent action on the facts of this case.