**Phyllis HENRY et al., Plaintiffs,**

v.

**Arthur A. LINK, Governor of the State of North Dakota, et al., Defendants.**

**Civ. No. A2–75–54.**

United States District Court,
D. North Dakota,
Northeastern Division.

July 27, 1976.

Craig M. Richie, Fargo, N. D., for plaintiffs.

Irvin B. Nodland, Lundberg, Nodland & Schulz, Bismarck, N. D., for defendants.

### ORDER

BENSON, Chief Judge.

On March 15, 1976, this Court granted the motion of the Defendants to dismiss the complaint for failure to state a claim upon which relief can be granted, except that Plaintiff was allowed to pursue her Title VII action against San Haven State Hospital limited to prospective injunctive relief only.[1] The Court relied on *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which held that in suits against state officials "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury . . . ." *Id.* at 677, 94 S.Ct. at 1362. The Court held that the limitation in *Edelman* was equally applicable in suits against an agency of the state under Title VII.

However, in *Fitzpatrick v. Bitzer*, —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d ——, 44 U.S.L.W. 5120 (1976), the United States Supreme Court held that the Eleventh Amendment does not bar a back pay award against a state in an action under Title VII. The Supreme Court distinguished *Edelman v. Jordan, supra*, because in Title VII cases the " 'threshold fact of congressional authorization,' 415 U.S. at

---

1. The Order of March 15, 1976, is found at 408 F.Supp. 1204.

672, [94 S.Ct. at 1360], to sue the State as employer is clearly present." *Fitzpatrick v. Bitzer, supra* at —, 96 S.Ct. at 2670, 44 U.S.L.W. at 5122.

 Since retroactive monetary relief against a State is barred by neither the Eleventh Amendment nor *Edelman v. Jordan, supra,* in Title VII actions, it remains to be determined what kinds of monetary relief are permissible. 42 U.S.C. § 2000e–5(g) provides:

> "[T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

Back pay in Title VII cases is considered a form of restitution, not an award of damages. *Equal Employment Op. Com'n v. Detroit Edison Co.,* 515 F.2d 301, 308 (6th Cir. 1975). Damages are a legal and not an equitable remedy. *Id.* The phrase "other equitable relief as the court deems appropriate" is limited to equitable relief in the form of restitution. *Id.* The monetary relief intended by § 2000e–5(g) is to "restore those wronged to their rightful economic status absent the effects of the unlawful discrimination. As to monetary relief nothing more is required; nothing less is acceptable." *Johnson v. Goodyear Tire & Rubber Co., Synthetic Rubber Plant,* 491 F.2d 1364, 1375 (5th Cir. 1974).

Plaintiff alleges her employment with the hospital was unlawfully terminated. She does not ask that she be reinstated to her position, although back pay is requested.[2] Since she does not seek reinstatement, it would be inappropriate to award back pay for wages lost from her date of discharge to that of any judgment in her favor. *See, Lea v. Cone Mills Corporation,* 438 F.2d 86 (4th Cir. 1971). Back pay would be appropriate if the proof showed that

Plaintiff received less pay during her employment than a non-discriminatee as a result of unlawful race discrimination.

IT IS ORDERED that the Order of this Court of March 15, 1976, is amended so that Plaintiff may pursue the Title VII action against San Haven State Hospital for any appropriate relief prayed for in the Complaint.

---

2. The request for back pay when there is no request for reinstatement is not necessarily inconsistent. The Complaint was originally drawn as a class action, certification of which was denied.