**Phyllis PEPPER, Plaintiff,**

v.

**Mary ALEXANDER, et al., Defendants.**

**Civ. No. 83–1892 HB.**

United States District Court,
D. New Mexico.

Nov. 1, 1984.

Robert Crollett, Dennis T. Sanchez, Taos, N.M., for plaintiff.

John B. Pound, Montgomery & Andrews, Santa Fe, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This matter comes before the court on plaintiff's motion for partial summary judgment, plaintiff's motion to strike and defendants' motion for summary judgment. The court has considered the motions and having been apprised of the applicable authorities concludes that plaintiff's motions should be denied and defendants' motion for summary judgment should be granted.

Plaintiff brings this suit under 42 U.S.C. §§ 1983 and 1985 and the New Mexico Tort Claims Act for damages. She alleges that defendants, who are employees for the New Mexico Department of Human Services, violated her civil rights by wrongfully acting so as to permanently separate her from her children and terminate her parental rights. She also alleges that defendants intentionally caused her emotional distress. Defendants deny that they acted wrongfully and in addition claim that they are immune from suit.

The uncontested facts are as follows. The Department of Human Services began investigating Mrs. Pepper's household in 1977. In 1979 that investigation resulted in the Department placing Mrs. Pepper's four children in foster homes. A consent judgment was entered by the New Mexico District Court on April 12, 1979 which awarded temporary custody to the Department. At that time the Department and Mrs. Pepper entered into some agreements, the goal of which was to lead to an eventual reunion of Mrs. Pepper with her children.

Mrs. Pepper's parental rights were terminated by a state court judgment rendered on December 22, 1980 and entered on January 26, 1981. That judgment was reversed by the New Mexico Court of Appeals on September 24, 1981. The Court of Appeals ordered the return of the children to Mrs. Pepper.

Defendants base their motion for summary judgment on four grounds. First, defendants claim that the Statute of Limitations has run on all causes of action. Second, defendants claim that there is no genuine issue of material facts relating to the applicability of qualified immunity in this case and that therefore they are entitled to judgment as a matter of law. Third, defendants claim that they are entitled to absolute immunity with regard to their role in initiating and taking part in the termination proceeding. Finally, defendants claim that § 1985 is an inappropriate basis for relief in this case.

*Section 1983 Claims*

■ To maintain a cause of action under § 1983 a plaintiff must prove 1) that he has been deprived of a right, privilege, or immunity secured by the Constitution and laws of the United States; 2) that the defendants subjected plaintiff to this deprivation, or caused him to be so subjected; and 3) that the defendants acted under color of state law. *Jones v. Hopper*, 410 F.2d 1323 (10th Cir.1969). Plaintiff does not state with particularity what constitutional right or privilege she has been denied. Examination of her complaint however reveals two possible deprivations.

■ Plaintiff does have a constitutional right not to be deprived of her children's custody or her parental rights without due process of law. *Ellis v. Hamilton*, 669 F.2d 510 (7th Cir.1982). Plaintiff also has a due process right which protects her from malicious prosecution.

■ Plaintiff's parental rights were not unconstitutionally terminated. Plaintiff was afforded due process. A hearing in state court was held in which plaintiff was given the opportunity to protect her rights

before her parental rights were permanently terminated. In addition she was afforded an appeal from the unfavorable decision. Plaintiff does not contend that she was not given a fair hearing. This process was sufficient to protect Mrs. Pepper's parental rights.

■ Mrs. Pepper also contends that she was deprived of the custody of her children before the termination hearing. Mrs. Pepper gave up temporary custody of her children voluntarily. She does not allege that the consent judgment deprived her of her constitutional rights. Rather she alleges that defendants acted in bad faith in thwarting her attempts to be reunited with her children. Defendants' actions culminated in filing the termination proceeding.

Plaintiff's cause of action for this constitutional deprivation is barred by the statute of limitations. The statute of limitations for § 1983 actions is three years. *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984). This time period has run since plaintiff's cause of action accrued when she received notice of her injury. At the very latest plaintiff knew that defendants did not intend to assist her in getting her children back by the time that defendants filed the application for termination of parental rights on September 26, 1980.

All of the alleged activities of defendants which deprived Mrs. Pepper of her children occurred more than three years previous to this suit. Mrs. Pepper's injury, being deprived of her children, occurred more than three years previous to this suit. Finally, Mrs. Pepper had notice of defendants' intentions more than three years previous to this suit.

■ Mrs. Pepper may also be alleging a deprivation of due process due to defendants' malicious prosecution in filing the application for termination in bad faith.[1]

This possible cause of action is barred due to defendants' absolute immunity.

■ Absolute immunity is available to prosecutors in § 1983 actions for their activities as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This immunity has been extended to other officials of state and federal agencies who act in a prosecutorial capacity. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The Supreme Court gave as its reason for extending immunity to agency officials that "there is a serious danger that the decision to authorize proceedings will provoke a retaliatory response." *Id.* at 515, 98 S.Ct. at 2915.

*Whelehan v. County of Monroe*, 558 F.Supp. 1093 (W.D.N.Y.1983) extended absolute immunity to social workers in determining when to bring termination proceedings. In doing so the court refused to follow *Doe v. County of Suffolk*, 494 F.Supp. 179 (E.D.N.Y.1980).

Assuming that the plaintiff does wish to pursue this issue, defendants are immune from damage liability for their decision to apply for termination of parental rights and for their participation in that proceeding. *Whelehan* correctly states that the decision to bring termination proceedings is a discretionary one which should be made without the fear of a retaliatory response.

> The great importance of the child-protective function served by these defendants is beyond question. If these defendants ... were forced to execute their duties with one eye constantly regarding the possibility of incurring liability for their conduct, the detriment to society and the judicial system would be at least as great as if they were prosecutors of the kind specifically protected by *Imbler*.

---

1. It is unclear whether plaintiff is alleging that defendants' actions in initiating termination proceedings are a basis for her complaint. The Pre-Trial Order states as a contested issue of fact: whether defendants in bad faith sought the termination of plaintiff's parental rights in state court. However, in plaintiff's reply memorandum she states that she is not litigating defendants' decision to initiate the termination proceeding. She assures the court that the only actions of the defendants which form the basis for her complaint are defendants' actions in failing to assist her in reuniting with her children.

*Id.* at 1098. Furthermore, plaintiff's rights are adequately protected by the proceeding itself. A court proceeding insures that an impartial trier of fact will determine whether the prosecution is justified. The plaintiff will also have the opportunity to challenge the legality of the proceeding at that time.

Plaintiff states no other Constitutional or federal law deprivation. Plaintiff contends that defendants acted in bad faith by not assisting her to alter her home life so that she could be reunited with her children. Plaintiff does not point to a federal right to such assistance. Plaintiff must show a deprivation of a federal right in order to have a § 1983 cause of action.

Furthermore, defendants do not have a state statutory duty to assist Mrs. Pepper under N.M.Stat.Ann. § 40-7-4B(3). This section does not give plaintiff a right to assistance in adjusting her condition. This statute merely states the burden of proof which the state must bear if the state seeks a termination of parental rights. Assisting the parent is a prerequisite to termination of that parent's parental rights.

### Section 1985 Claims

Under § 1985(3) plaintiff must allege 1) the existence of a conspiracy, 2) intended to deny the plaintiff equal privileges and immunities under the law, 3) deprivation of a federally protected right, 4) an overt act in furtherance of the objective of the conspiracy, and 5) some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' actions. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Plaintiff does not allege any class-based discriminatory purpose behind defendants' actions. Plaintiff does not even allege membership in a discrete class. A conspiracy motivated by economic animus is not sufficient to state a cause of action under § 1985(3). *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

### State Tort Claims

The statute of limitations under the New Mexico Tort Claims Act is two years from the occurrence resulting in injury. N.M.Stat.Ann. § 41-4-15. The statutory period has clearly run in this case even if plaintiff's contention is accepted that her cause of action accrued with the Court of Appeals' decision. This case was filed on December 22, 1983. All action in the termination proceedings were completed more than two years previous to the filing of this action with the Court of Appeals' decision on September 24, 1981. Thus summary judgment should be granted as to plaintiff's claims brought under the Tort Claims Act.

Because defendant is entitled to summary judgment, plaintiff's motions should be denied.

Now therefore, IT IS BY THE COURT ORDERED that defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment and motion to strike are denied. This action is therefore dismissed.