Bobby YOUNG, Father and Elizabeth
Young, Mother of Candy Young,
Minor Child D.O.B. 6–5–85, Plaintiffs,

v.

**ARKANSAS CHILDREN'S
HOSPITAL, Defendant.**

No. LR–C–89–305.

United States District Court,
E.D. Arkansas, W.D.

Sept. 29, 1989.

Bobby Young, Marshall, Ark., pro se.

Laura A. Hensley, Friday, Eldridge &
Clark, Little Rock, Ark., for defendant.

ORDER

ROY, District Judge.

On May 15, 1989, the defendant
filed a Motion to Dismiss the Complaint,
alleging that 42 U.S.C. § 1983 is not appli-
cable to the defendant. On June 14, 1989
the defendant filed a Motion to Dismiss
Addendum to Complaint. On July 5, 1989
the defendant filed another Motion to Dis-
miss for failure to state a claim upon which
relief can be granted, and filed exhibits in
support of the motion. On July 17, 1989
the plaintiff filed a pleading in response to
the motion to dismiss. On August 8, 1989
the Court entered an Order stating that the
motion to dismiss filed on July 5, 1989
would be treated as a motion for summary
judgment. The plaintiff filed subsequent
pleadings, and the defendant filed addition-
al affidavits. The Court finds that the
matters pending are now ripe for determi-
nation.

The Court has reviewed the pleadings in
this matter and finds that summary judg-
ment should be granted. This case was
brought by Arkansas residents against an
Arkansas private hospital with jurisdiction
alleged to be pursuant to 42 U.S.C. § 1983.

Subsequent to the filing of the first mo-
tion to dismiss, the plaintiff filed an "Ad-
dendum to Complaint". In the "Adden-
dum" the plaintiff states in relevant part;

THAT A.C.H. EMPLOYEES TESTIFIED
IN A CASE BEFORE THE LITTLE
ROCK MUNICIPAL COURT BEFORE

JUDGE ALLEN DISHONGH ON APRIL (1) 1987 THAT THIS TESTIMONY, FALSE AND SO INTENDED TO DEPRIVE THE PLAINTIFFS OF THEIR RIGHT TO DUE PROCESS, THESE TWO STATES WITNESSES ACTION OF PERJURY WAS WILLFULLY SUBMITED BY DOC. JOHN CONE, AND ANDREA TROSCLAIR AND THE TWO ARE EMPLOYEES OF A.C.H. that THIS PATTERN BY A.C.H. IS SO INTENDED TO DEPRIVE THESE PLAINTIFFS OF THEIR RIGHTS TO EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE RIGHT TO DUE PROCESS OF LAW, IN THAT DUE PROCESS OF LAW DOES NOT INCLUDE PERJURY OF WITNESSES FOR THE STATE, WHERE THEY KNOWINGLY DO SO..... * * * THAT THE PATTERN AND PRACTICES DESCRIBED HEREIN IS OF SUCH A NATURE, AND SO INTENDED (TO DENY THE FULL EXERCISE, BY THE DEFENDANT (A.C.H.) IN GENERAL, AND THESE PLAINTIFFS IN PARTICULAR, THE RIGHTS SECURED THEM BY THE U.S. CONSTITUTION AND THIS ACT.

The allegations in the complaint relate to the fact that employees of Arkansas Children's Hospital held the plaintiffs' child for treatment against plaintiffs' wishes, and were subpoenaed to testify in a criminal trial against the plaintiffs herein. It appears that the plaintiffs felt that their minor child should not have been a patient in Arkansas Children's Hospital for the time period involved. Even if this allegation were true, the plaintiffs' claim does not state a cause of action under 42 U.S.C. § 1983 against the defendant. As stated by the defendant, 42 U.S.C. § 1983 applies to "persons" who "under color of any statute, ordinance, regulation, custom or usage of any state" causes citizens to be deprived of their constitutional rights. Arkansas Children's Hospital is not a "person" to which this Act applies. *Henry v. Link*, 408 F.Supp. 1204, amended 417 F.Supp. 360 (D.C.N.D.1976).

Furthermore, the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983. *Mark v. Furay*, 769 F.2d 1266, 1273 (7th Cir.1985). Nor is merely testifying at trial sufficient to state a § 1983 claim. *Briscoe v. Lahue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In a recent case, the Eighth Circuit stated that in a section 1983 action against a private party, a plaintiff will be entitled to relief "if he can prove that the private party was 'a willful participant in joint activity with the State or its agents' which activity deprived the plaintiff of a constitutional right." *Murray v. Wal–Mart, Inc.*, 874 F.2d 555 (8th Cir.1989). The plaintiff has failed to present the Court with anything from which the Court could conclude that the defendant was a willful participant in joint activity with the State or its agents which activity deprived the plaintiff of a constitutional right. In fact, the plaintiffs were deprived custody of Candy for seven days in order to fully and completely evaluate her condition and the injuries, and during this period of time the hospital was acting as required by court order and A.C.A. § 12–12–501 *et seq.*

In the case *sub judice*, Candy Young was admitted to the Arkansas Children's Hospital on December 15, 1986. According to the discharge summary, she sustained a burn to her left upper extremity when she placed her arm in a pot of hot water which had been heated on the stove and then placed on the floor for the purpose of washing dishes. The child apparently dropped some article in the pot and then tried to retrieve it, thus burning her arm. She was taken immediately to her local physician in Marshall, Arkansas, by her parents, who subsequently referred her to Arkansas Children's Hospital. According to the summary, on admission, Candy was a thin, chronically ill appearing white female in moderate distress from her arm pain. The child was admitted with a diagnosis of eight percent body surface area

burn to her left arm. The discharge summary continues as follows:

Nutritional assessment by Pat Wiggins revealed that the patient was less than the fifth percentile in height, weight and head circumference. Therefore, a work-up was initiated which included evaluation by Dr. Pat Casey. He concurred that the patient was undoubtedly failure to thrive, the etiology of which was unclear. An appropriate work-up consisting of chemistries, stool analysis and genetics consultation, was initiated. Additionally, because of the questionable circumstances surrounding the mechanism of injury, social services was consulted who agreed that evaluation of the home situation for potential abuse or neglect was in order. This was initiated by Mariann Daily of social services. At approximately 7:00 p.m. on December 18, 1986, the patient was taken from the burn unit by her parents. This was reportedly in response to the abuse work-up which had been initiated. The appropriate personnel was notified, including the Little Rock Police Department, Judge Warren of Pulaski County and Judge Duford Taylor of Searcy County. A search at Children's Hospital failed to turn up the parents or patient. Approximately one hour later, the father called Children's Hospital and spoke with Dr. Barbara Morris, the on-call physician. The parents were urged to return due to the potential for conversion of the burn to a full thickness injury and further compromise of the extremity. The father was angry and irrational and refused to do this.

The patient will therefore be discharged against medical advice. The parents were urged to seek health care elsewhere due to the potential disastrous result which could result of the child does not get appropriate medical attention.

The patient remained in the hospital until December 18, 1986 when she was taken from the burn unit by her parents. As indicated in the discharge summary, the discharge was against medical advice because of the serious nature of the injuries.

On December 23, 1986 an emergency order was entered by the Searcy County, Arkansas Juvenile Court, placing Candy Young in the temporary custody of the Arkansas Department of Human Services. However, before the child could be physically placed in the custody of said Agency, the child was removed by the father from Arkansas Children's Hospital. The child was returned to Arkansas Children's Hospital by the family on March 13, 1987 for examination or evaluation, and the hospital placed a medical hold on said child on the basis of the December 23, 1986 Juvenile Court Order. In an Order entered on March 14, 1987, the Probate Court of Searcy County Arkansas, Juvenile Division authorized the child to be placed in the temporary custody of the Arkansas Department of Human Services pending further hearing or order of the Court and further medical evaluation and examination of the child by Children's Hospital personnel, including examination and necessary treatment for burn injuries. The child remained at the hospital until discharged on March 20, 1987. At that time, Candy Young was released to the custody of her parents to continue the treatment prescribed.

A trial was held on April 1, 1987, wherein the plaintiffs Bobby and Elizabeth Young were found guilty of endangering the welfare of a minor. The Youngs were sentenced to six months in jail and fined $1,000. The sentence was suspended and each was ordered to pay $52.75 in court costs. The child was not removed from the parents' custody. Dr. John Cone, who treated the child in December of 1986 testified in that trial. The plaintiffs were afforded the right to appeal the state court decision and to prove any allegation of perjury. This was not done. The plaintiffs do not contend that they were not given a fair hearing or that the appellate process was insufficient to protect their parental rights.

The Court finds that the hospital was acting as required by law. The hospital furnished information as required by state law to specific agencies. A.C.A. § 12–12–503(a)(1). A.C.A. § 12–12–504(a)

makes it mandatory for certain individuals to make the report required in § 12–12–503(a)(1). Furthermore, A.C.A. § 12–12–510 provides that:

Any person, official, or institution participating in good faith in the making of a report, the taking of photographs, or the removal of a child pursuant to this subchapter shall have immunity from any civil or criminal liability that otherwise might result by reason of such actions. For the purpose of any civil or criminal proceedings, the good faith of any person required to report cases of child abuse, sexual abuse, or neglect shall be presumed.

The Court finds that based upon the information now before it, the hospital acted in good faith in reporting the possible abuse in December of 1986 and its retention of the child for further evaluation in March of 1987. The hospital only acted as required by statute and the court's mandate. The treatment by the physicians at the hospital was initially requested by the parents of Candy Young. That treatment uncovered what was suspected as child abuse and nutritional neglect which resulted in the failure to thrive syndrome. The child was removed from the hospital against the advice of the physicians and the patient and the parents' whereabouts were unknown until the child was readmitted as suggested for evaluation in March of 1987. It was at this time that the hospital was required, pursuant to a court order, to hold the child. Likewise, by statute the hospital was required in a case they suspected to be child abuse to implement a seventy-two (72) hour hold.

■ The defendant has acknowledged that parents do have a constitutional right not to be deprived of their children's custody or parental rights without due process of law. *Pepper v. Alexander,* 599 F.Supp. 523, 525 (D.C.N.M.1984). However, as stated by the defendant, the State has a "parens patrie" or "parent of the county"

power allowing the State as sovereign to act as guardian of persons under legal disability.[1] Defendant contends that in this case, Candy Young, as a minor, has a legal disability. This parens patrie power overrides any liberty interest of the parents once exceptional circumstances are proven. There was suspected, by those examining and treating Candy Young at ACH, that she had been neglected or abused. The Eighth Circuit has held that the liberty interest in familial relations is limited by the compelling governmental interest and protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves. *Myers v. Morris,* 810 F.2d 1437, 1462 (8th Cir.1987), *cert. denied,* 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

The Court finds the case of *Donald v. Polk County,* 836 F.2d 376 (7th Cir.1988) to be persuasive. In *Donald,* the plaintiffs brought a § 1983 action against the Polk County Welfare and Law Enforcement Officers and Agencies alleging violation of their constitutional rights. Summary Judgment was granted in the District Court which was upheld by the Seventh Circuit Court of Appeals. The plaintiffs claimed that the defendants accomplished the removal of the children from the plaintiffs' household by using an investigation, reports, petitions to the Court, and sworn testimony to create the false impression that their child was abused. The plaintiffs did not allege any specific incidents of a false statement or an exaggerated statement in any of these reports, petitions, or testimony. Further, the plaintiffs proposed no reasonable motive why the defendants would be prejudiced against the plaintiffs. The Court in *Donald* held that summary judgment is proper where the plaintiff presents no indications of motive and intent supportive of his position when a case involves a weighing of conflicting questions of motive and intent. The Court finds that the plaintiffs have given no indi-

---

**1.** In *State v. Snow,* 230 Ark. 746, 324 S.W.2d 532, 534 (1959), the Court held that tuberculosis victim must be isolated because his condition was determined to be contagious. This decision required a "special proceeding by the State in its character of 'parens patrie,' based on the theory that the public has an interest to be protected." *Id.*

cations of motive and intent supportive of their position.

The Court in *Donald* further held that even if the plaintiff could show that the defendants acted fraudulently or in bad faith, their claims would nevertheless be barred by the doctrine of collateral estoppel. The Court stated:

> The defendants argue that collateral estoppel precludes the Donalds from claiming that the defendants were not truthful in their reports, investigations, court petitions, and court testimony. At the outset, we note that the Donalds could have raised their claims of fraud and bad faith in the state court, and clearly the risk of losing custody of Dana provided them with a strong incentive to do so. Nevertheless, they did not specifically raise the issue of fraud in the state court proceedings, although the Donalds had a full and fair opportunity to do so. The Donalds claim that they were not aware of the alleged fraud at the time of the state court proceedings. We fail to see how the Donalds could *not* have been aware of the alleged falsities; the Donalds do not claim that they were not afforded full discovery rights or were not allowed to listen to the in-court testimony of the defendants.

*Id.*, 836 F.2d at 382.

The Court finds that the plaintiffs have given no indications of motive and intent supportive of their position. Furthermore, their claims would be barred by the doctrine of collateral estoppel.

Based upon the foregoing, the Court finds that summary judgment in favor of the defendant is appropriate, and the plaintiffs' complaint is hereby dismissed with prejudice.