SALEI'A AFELE-FA'AMULI, Plaintiff

v.

**AMERICAN SAMOA COMMUNITY COLLEGE,
BOARD OF HIGHER EDUCATION,
AMERICAN SAMOA GOVERNMENT,
and SALU HUNKIN, Defendants.**

High Court of American Samoa
Trial Division

CA No. 108-99

August 10, 2000

Before KRUSE, Chief Justice, TUOLO, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Arthur Ripley, Jr.
For Defendants ASCC, Board of Higher Education, and Salu S. Hunkin (in her capacity as President of ASCC), Roy J.D. Hall, Jr.
For Defendant Salu S. Hunkin, in her individual capacity, William H. Reardon
For Defendant American Samoa Government, Fiti A. Sunia, Assistant Attorney General

## ORDER ON DEFENDANTS' MOTION TO DISMISS

### Facts and Procedural History

The present action arises out of the reassignment of plaintiff Salei`a Afele-Fa`amuli ("Fa`amuli"), by defendant Salu S. Hunkin ("Hunkin"), from the post of "dean/director of the Agriculture, Human and Natural Resources division [of] the American Samoa Community College" to that of "nutritionist specialist" at the college's "cafeteria division." (Am. Compl. ¶ 9.)

Fa`amuli contends that the manner in which Hunkin accomplished this reassignment violated her procedural due process rights. Fa`amuli additionally claims that Hunkin's actions constituted defamation and caused her emotional distress.

Fa`amuli filed a complaint for damages on October 28, 1999, followed by an amended complaint on January 10, 2000. Defendants Board of Higher Education ("Board") and Hunkin in her official capacity responded on March 1, 2000 with a Motion to Dismiss and/or for Alternative Relief. Defendant American Samoa Community College

("ASCC") filed an answer on March 1, 2000, and defendant American Samoa Government ("ASG") responded with an answer filed March 17, 2000.

Fa`amuli failed to respond to the Board's and Hunkin's motion to dismiss by the date of the hearing on the motion, March 30, 2000. This hearing was attended by counsel for Fa`amuli, ASG, the Board, and Hunkin in her official capacity. ASG joined the Board's and Hunkin's motion at this time. We continued the hearing on the merits of the motion until April 24, 2000 and provided Fa`amuli with 10 days to respond to the motion at issue, after which the Board and Hunkin were allowed 5 days to respond.

Fa`amuli failed to file her response until the date of the hearing, April 24, 2000. Present at this hearing were counsel for Fa`amuli, the Board, and Hunkin in her official capacity. At this point, we ordered counsel to submit briefs by May 5, 2000.

Hunkin subsequently filed an answer in her individual capacity on April 26, 2000, and the Board and Hunkin in her official capacity filed a reply brief on May 3, 2000.

## Analysis

As a preliminary matter, we note the following difficulty with Fa`amuli's complaint. Fa`amuli seeks damages against ASG, ASCC, and the Board for intentional or negligent infliction of emotional distress, violation of due process, defamation, and "wrongful reassignment." While familiar with the first three causes of action, we are unclear as to whether wrongful reassignment constitutes a separate cause of action rather than conduct underlying the alleged due process violation. Fa`amuli will be well advised to clarify this matter in her amended complaint. *See* Section E, *infra*.

### A. T.C.R.C.P. 12(b)(6) Motion to Dismiss Standard

Defendants seek to dismiss Fa`amuli's complaint on the basis that it does not state a claim for which relief may be granted. This standard is difficult for the proponent of the motion to meet; it is much more exacting than that required for summary judgment. "The . . . standard with [12(b)(6) motions] is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 134 (1987) (citing *Conley v. Gibson*, 55 U.S. 41 (1957)). In considering a 12(b)(6) motion, the court assumes the allegations in the complaint are true. *Rogin v. Bensalem Township*, 616 F.2d 680, 685 (9th Cir. 1980). The burden of

proving the absence of a claim rests on the party seeking dismissal. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). We apply this standard to Fa'amuli's claims against various defendants in the sections to follow.

B. The Board of Higher Education

We begin with the easiest issue. Plaintiff has stipulated to the dismissal of the Board, citing to *Aga v. Am. Samoa Gov't*, 3 A.S.R.2d 130 (Trial Div. 1986). The complaint against the Board is accordingly dismissed.

C. American Samoa Community College

Fa'amuli sues ASCC under A.S.C.A. § 16.2002, which provides that the ASCC can sue and be sued in its own name. (1st Am. Compl. ¶ 2.) While ASCC, through Attorney Hall's office, filed an answer on the same day his office filed the defendants' motion to dismiss, ASCC is not, however, listed as one of the movants. Rather, the motion is filed only on behalf of Hunkin in her official capacity as ASCC president and the Board. *See* Section E, *infra*, treating issues regarding this representation. Fa'amuli, therefore, maintains all claims against ASCC.

D. American Samoa Government

■ Fa'amuli sues ASG under A.S.C.A. § 43.1211, a provision of the Government Tort Liability Act ("GTLA"). (1st Am. Compl. ¶ 4.) Fa'amuli initiated an action against ASG by filing an administrative claim with the Attorney General's office, as required by A.S.C.A. § 43.1205. The Attorney General's office received this claim on October 25, 1999, and failed to dispose of the claim within the prescribed 90 day time period. A.S.C.A. § 43.1205(a). The claim is accordingly deemed denied by the Attorney General, and Fa'amuli has satisfied the prerequisite exhaustion of administrative remedies. *Id.* This Court has jurisdiction over claims under the GTLA. A.S.C.A. § 43.1209.

ASG's answer raises five affirmative defenses to Fa'amuli's complaint. First, it asserts that the complaint fails to state a claim upon which relief can be granted. ASG has failed to offer any support for this contention. Rather, ASG's counsel merely attempted to join Hunkin's motion to dismiss at the hearing held on March 30, 2000. Hunkin's motion to dismiss, however, is almost entirely based on a theory of qualified immunity, which is entirely inapplicable to ASG.

ASG next asserts that Fa'amuli's failure to exhaust administrative claims results in her claims failing due to lack of ripeness. At this point in time, this assertion is no longer correct, Fa'amuli having pursued her administrative complaint under the GTLA and having exhausted her

remedies within the ASCC grievance structure. This defense accordingly fails.

ASG also contends that Fa`amuli's injuries are highly speculative and must be proved at trial. That may be so, but even if true, offers no support for dismissal. Similarly, Fa`amuli's mitigation of damages is a legal and factual issue requiring further development. Finally, ASG argues that Fa`amuli's failure to allege any physical manifestation of injuries suffered due to claimed intentional and/or negligent infliction of emotional distress precludes these claims. The standard for 12(b)(6) motions, however, does not require such allegations at this stage of the proceedings. Section A, *supra*. In sum, none of these affirmative defenses suffices to carry ASG's motion to dismiss.

### E. Salu S. Hunkin in her individual and official capacities

Fa`amuli sues defendant Hunkin both in her capacity as President of ASCC and as an individual. (1st Am. Compl. ¶ 5.) We first note serious questions regarding Hunkin's representation. The GTLA states at A.S.C.A. § 43.1211 that the Attorney General "shall defend any civil action or proceeding brought in American Samoa against any employee of the government, or his estate, for any such damage or injury." According to this provision, the AG, and not counsel Hall, should be representing defendant Hunkin in her official capacity. Accordingly, Hunkin, her counsel, and the Attorney General shall enlighten us on this statutory issue.

Next, we further note the following uncertainty with Fa`amuli's complaint. First, although she recounts various actions taken by Hunkin that could give rise to the causes of action she asserts against the other defendants, she fails to state which cause or causes of action upon which she is basing her request for punitive damages against Hunkin in her individual capacity. Second, nowhere in her prayer for relief does Fa`amuli allege specific causes of action against Hunkin, nor does she seek damages against Hunkin, in her official capacity. (1st Am. Compl. 7-8.) Thus, Fa`amuli has failed to explicitly state any claim at all against Hunkin.

Granting a 12(b)(6) motion is not, however, "the proper remedy for inartful pleading." *Sisbarro v. Warden, Mass. State Penitentiary*, 592 F.2d 1 (1st Cir. 1979) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Where a more carefully drafted complaint might state a claim, a plaintiff should ordinarily be given leave to amend. *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1207 (D.C. Cir. 1993); *see also Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996); *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992). Other jurisdictions have set the time period for amending the complaint in such cases at either 10

223

or 20 days. *See, e.g., Miller v. Holiday Inns, Inc.,* 436 F. Supp. 460, 461 (E.D. Va. 1977) (10 days); *Brown v. Farview State Hosp.,* 386 F. Supp. 607, 609 (E.D. Pa. 1974) (20 days). Fa`amuli has 20 days to amend her complaint to specify causes of action asserted against and relief sought from Hunkin in both her official and individual capacities, in addition to the clarification of her "wrongful reassignment" claim as discussed earlier. In the meantime, we will deny Hunkin's motions to dismiss.

■ Additionally, we deny Hunkin's motion, under the authority granted us by either T.C.R.C.P. 7(a) or 12(e), seeking an order directing Fa`amuli to state with specificity the clearly established law of which Hunkin should have been aware for purposes of resolving the qualified immunity question. Generally, the burden is on the officer accused of unlawful conduct to prove entitlement to immunity. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). Careful examination of the passage Hunkin quotes from *Crawford-El v. Britton,* 118 S.Ct. 1584, 523 U.S. 574 (1998), does not change this basic principal.

Where a plaintiff alleges a claim requiring proof of wrongful motive against a public official, *Crawford-El* states that a court may utilize either rule 7(a) or 12(e) to "insist that the plaintiff 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal or summary judgment." *Crawford-El,* 118 S.Ct. at 1596-1597 (quoting *Siegert v. Gilley,* 500 U.S. 226, 235 (1991) (Kennedy, J., concurring)). Fa`amuli has done so in her complaint. Regarding immunity, *Crawford-El* merely states that if the defendant pleads the immunity defense, the trial court must resolve that threshold question before permitting discovery by inquiring into whether the official's conduct violated. clearly established law. *Id.* at 1597. This passage mentions nothing about having the plaintiff assume the burden of proving the inapplicability of the defense, and we accordingly decline to do so.

### Order

For the foregoing reasons, defendants' motions to dismiss are resolved as follows:

1. The Board is dismissed as a defendant.

2. ASCC remains in the suit.

3. ASG's motion to dismiss is denied in its entirety.

4. Hunkin's motions to dismiss, in both her individual and official capacities, are denied pending amendment of the complaint to specify

the causes of action asserted and relief sought against her in these capacities. Fa`amuli has 20 days to amend her complaint.

5. Hunkin's motion for an order directing Fa`amuli to specify the existing law of which Hunkin should have been aware, for purposes of deciding the qualified immunity question, is denied.

It is so ordered.